THE COUNTY BOARD OF SUPERVISORS OF JEFFERSON COUNTY VS. JONES and others.

The treasurer of a county, who has had an accounting with the county board of supervisors, and has paid over to his successor the amount so found due from him, is still liable for all moneys actually received by him as such treasurer, and, by mistake, not charged to him in such accounting.

The liability of the sureties on the official bond of such treasurer continues until he has rendered a *just* and *true* account of such moneys, and paid over to his successor the balance actually due from him.

The statute (R. S. ch. 13, sec. 122), provided that the county treasurer should execute a bond to "the county board of supervisors." *Held*, that a bond running "unto the board of supervisors of said county," was sufficient.

ERROR to the Circuit Court for *Jefferson* County.

The action below was brought by the *Board of Supervisors* of said county upon the official bond of *Jones*, who was county treasurer for two years from January 1, 1858. The complaint shows an accounting between said *Jones* and committees of the board of supervisors duly appointed for that purpose in November of each of the years 1859 and 1860; states the amount which was found chargeable to him in each year, the amount of credits allowed, and the balance found due from him; and states in each case that there were several specified sums justly chargeable to him, but with which he was not charged in such settlement, and that they were accidentally overlooked by the committee, and that *Jones* neglected to account for them as it was his duty to do. It also states the amount received by *Jones* and properly chargeable to him during 1860 (apart from the balance due upon the transactions of the previous year), and also the amount of credits to which he was entitled for that year. It then states the whole amount which it alleges was due from him at the date of the last settlement, the amount thereof which he actually accounted for to his successor in office, and the amount which he neglected to account for and pay over, and for which it alleges he was justly indebted to the county at the commencement of the action; and that he has neglected and refused to account for and pay over the sum to his successor, though often requested, &c.

The defendant demurred to the complaint as not stating a cause of action, and specified various objections, the substance of which will appear from the opinion. The demurrer was sustained, and judgment thereon rendered for the defendants.

*Gill & Barber*, for plaintiff in error, as to the sufficiency of the bond, cited R. S., ch. 13, secs. 122, 19. To the point that an account stated may be impeached by proof of omission or mistake, they cited *Perkins v. Hart*, 11 Wheat., 237–56; 2 Mason, 541–61; *Phillips v. Belden*, 2 Edw., 1; Chitty on Con., 655 marg. p. To the point that the settlement with the board was not an accord and satisfaction, they cited 3 Blacks. Comm.,

15, 16 ; 2 Cowen's Treat. (3d ed.), 237 ; 4 Wend., 455 ; R. S., ch. 13, sec. 46. As to the liability of the sureties, they cited Chitty on Con. (7th Am. ed.), 532 ; *Trent. Nav. Co. v. Harley*, 10 East, 34 ; 4 Moore, 153 ; 14 East, 514 ; *Goring v. Edmonds*, 6 Bing., 94 ; 13 Johns., 382 ; 4 Wend., 570 ; 9 Wheat., 737 ; 11 id., 184 ; 12 id., 505.

*D. F. Weymouth*, for defendants in error :

1. The county board of supervisors is made a judicial tribunal, with limited powers, and there is an appeal from its decisions to the circuit court. R. S., ch. 13, secs. 27, 40, 43, 46. The account of the treasurer is made up of a credit to the county and a claim against it, and comes within the provisions not only of subd. 2, sec. 27, but of the other sections cited. The settlement, unappealed from, is a bar to any action by the treasurer, and ought also to be a bar to the county. Besides, by sec. 46 the vouchers are to be destroyed, and it does not appear from the complaint that they were registered before destruction ; and in fact they were not. How then can the treasurer account again? 2. No fraud, or error even, on the part of the treasurer, is alleged. The mistakes alleged are mistakes made by the committees of the board of supervisors. 3. Bail may be supposed to take security from their principal, and to give it up on a legal settlement and payment of the balance found due. If, after such a settlement duly recorded, and such payment, the sureties may be sued at any time within six years, when the principal may be bankrupt, dead or gone to foreign lands, and if they may then be held liable, not for any fraud or fault of their principal, but for the errors of the county board, who would be a surety?

*By the Court*, DIXON, C. J. The facts stated are fully sufficient to authorize a recovery, unless the plaintiff is precluded from taking advantage of the alleged mistakes upon which the action proceeds. This seems to be the substance of the objections principally urged in support of the demurrer. In trans-

actions between individuals, there can be no doubt that the injured party would have his remedy in such case. The settlement or account stated would be only *prima facie* evidence of its correctness. No reason is perceived why the accounts of public officers should be excluded from the operation of the same rule. Indeed it has been held that the same strictness is not applied to public officers as is applied to individuals ; and that a mistake in a settlement between them will be allowed to be rectified, which would not be allowed as between individuals. *Supervisors of Chenango v. Birdsall and others,* 4 Wend., 453.

If, as claimed by way of argument under the seventh point of the demurrer, the destruction of the treasurer's vouchers, such as juror's certificates, county orders &c., renders a farther investigation and adjustment of the accounts impossible, or prevents a discovery of the alleged mistakes, those will be matters to be urged in defense at the trial. No such objection appears on the face of the complaint.

And as to the liability of the sureties, it continues, by the very terms of the bond, until the treasurer has rendered a *just* and *true* account, and delivered over to his successor all moneys belonging to the office.

The objection that the bond "does not run to the county board of supervisors as required by law, and is therefore void," is too nice and hypercritical to merit consideration. The words of the statute are, "to the county board of supervisors." The style of the bond is, "unto the board of supervisors of said county." It was executed in strict harmony with the requirements of the statute.

Judgment reversed, and cause remanded for further proceedings according to law.