[No. 98.  Decided April 6, 1891.]

ELISHA P. FERRY, EBEN SMITH, AND DAVID KELLOGG, *Executors of the last Will and Testament of George D. Hill, Deceased,* et al. v. THE COUNTY OF KING et al.

COUNTY TREASURER — ACTION ON BOND — REFEREE'S FINDINGS — COUNTY COMMISSIONERS — POWERS OF — ACCOUNTS.

On the appeal of an action tried before a referee, the supreme court will assume, in the absence of the evidence, that the facts found by the referee are true, and that the evidence warranted the findings.

In an action on the bond of a county treasurer, the findings by a referee that the principal defendant was the duly elected and qualified treasurer of the county at the time complained of; that he and his sureties executed the bond described in the complaint; that while acting as such county treasurer, he received for the use of said county divers large sums of money, and that he did not account to the proper authorities for all the money so received by him; and that through mistakes and errors on the part of said treasurer, the auditor and the board of county commissioners, said treasurer did not pay over to his successor in office a certain sum out of the moneys received by him as treasurer for the use of said county, are sufficient to justify the conclusion of law by the referee that plaintiff was entitled to judgment against the defendants for said sum of money not accounted for.

Under the organic act of the Territory of Washington (Rev. St. U. S., ¿ 1907), boards of county commissioners could not be clothed with judicial powers, even by act of the legislature, and the power exercised by said boards in making settlements with county treasurers is of a ministerial character, and not binding upon the county.

Where the accounts sued on are public accounts, equally accessible to defendants as to plaintiff, it is not error for the court to refuse to order plaintiff to furnish a bill of particulars to defendants, as it is a matter resting largely in the discretion of the trial court whether a bill of particulars should or should not be ordered in a particular case.

*Error to District Court, King County.*

The facts are sufficiently stated in the opinion.

*J. C. Haines,* and *Thomas Burke,* for plaintiffs in error.

The board of county commissioners acts in a judicial capacity, and their action is in the nature of a judicial decision which cannot be attacked collaterally. *Board, etc., v. Gregory,* 42 Ind. 32; *Board, etc., v. Saunders,* 17 Ind. 437; *Supervisors, etc., v. Briggs,* 2 Denio, 38; *Ely v. County of Morgan,* 112 Ind. 361; *White v. Fleming,* 114 Ind. 560; *Prezinger v. Harness,* 114 Ind. 491; *Colusa County v. Jarnett,* 55 Cal. 375; *Brewer v. Boston, etc., R. R. Co.,* 113 Mass. 52; *Snelson v. State,* 16 Ind. 29; *Lyons v. Miller,* 17 Ind. 250; *Cuthbert v. Lewis,* 6 Ala. 262; *Young v. Sellers,* 106 Ind. 102.

*Ronald & Piles,* and *W. S. Bush,* for defendant in error.

There is nothing in our statute which makes the settlement with the treasurer a stated account which cannot be re-examined. The county board is not a judicial tribunal in examining his accounts. See *Board of Supervisors v. Catlett's Ex'rs,* 86 Va. 158 (9 S. E. Rep. 1001); *State v. Staley,* 38 Ohio St. 267; *Ohning v. Evansville,* 66 Ind. 59; *Graham v. State ex rel. Board,* 66 Ind. 388; *Hunt v. State,* 93 Ind. 311.

A bill of particulars need not be required of the plaintiff as to matters quite within the defendant's knowledge, and as to which such a bill is wholly unnecessary. *Hayes v. Davidson,* 33 Hun, 446. In an action where the ordering of a bill of particulars is a matter of discretion, one will not be ordered where, for anything that appears, the defendant is as well acquainted as the plaintiff with the nature and particulars of the claim, and has all the knowledge necessary for him to prepare an answer to the complaint. *Powers v. Hughes,* 39 Superior Ct. (N. Y.) 482; *People v. Tweed,* 5 Hun, 353.

The opinion of the court was delivered by

ANDERS, C. J. — This was an action by defendant in error, King county, against George D. Hill and his sureties upon his official bond as county treasurer of said county, to recover a specified sum of money alleged to have been received by said Hill, as such treasurer, for the use of said county during his official term of two years, commencing on the first Monday in January, 1881, but which he failed to account for to the proper authorities, or to pay over to his successor in office, as required by law. The cause was tried by a referee, who, having heard the testimony, reported the same, together with his findings of fact and conclusions of law, to the court. The referee found, in substance, that the said George D. Hill was the duly elected, qualified, and acting treasurer of the county of King for the term of two years from and after the second Monday of January, 1881; that he, as principal, with the other defendants as his sureties, duly executed the bond set forth in the complaint; that he attended before the board of county commissioners of said county with his books and vouchers, and made settlement of his accounts with said board, as required by law, for and during his said term of office, and received the credits in his several accounts mentioned in the answers of the defendants in this action; that during his term of office as such county treasurer, and while acting as such, he had and received, for the use of said county of King, divers large sums of money, amounting in the aggregate to the sum of $190,297.02; that he did not account to the proper authorities for all the money so received by him; that of the money so received by him for the use of said county he did not account to the proper authorities for, and did not pay over to his successor in office, the sum of $12,472.16, and that said failure to account for and to pay over to his successor in office said

last named sum was occasioned by, and was the result of, mistakes and errors on the part of said Hill and the county auditor of said King county in the book accounts kept by them, respectively, and of mistakes and errors on the part of the board of county commissioners of said county in the settlements had by them with said Hill on account of the money so by him received as treasurer for the use of said county. The said report of the referee also specifies the particular accounts in which the said mistakes and errors occurred, but which it is not necessary here to enumerate. And as a conclusion of law deduced from the facts set forth, the referee found that the plaintiff, the county of King, was entitled to a judgment against the defendants for the sum of $12,472.16, with interest thereon from the —— day of January, 1883, at the rate of ten per cent. per annum, together with the costs and disbursements of the action. The defendants filed a motion to set aside the report of the referee, and for a new trial, which motion was denied by the court. Judgment was thereupon entered for the plaintiff in accordance with the referee's report, to reverse which defendants have brought the cause to this court by writ of error.

Eleven different errors, alleged to have been committed by the court below, are assigned by plaintiffs in error as grounds for reversal of the judgment. The first ten specifications of error refer almost exclusively to the rulings of the court in settling the pleadings in the case. They are not discussed in the brief of counsel for plaintiffs in error, and therefore might properly be treated as waived; but we have nevertheless examined the record touching these objections, and are unable to perceive any substantial error therein. The eleventh assignment is, that the court erred in denying the motion of defendants to set aside the report of the referee, and to grant a new trial. Our statute provides that upon a motion to set aside the report of a

referee the conclusions thereof shall be deemed and considered as a verdict of the jury (see Code, § 256), and in no case will such report be set aside except for reasons which would make it the clear duty of the trial judge to set aside a verdict and order a new trial. There is neither a bill of exceptions, nor the evidence given before the referee, in the record in this case, and we can, therefore, only consider the legal effect of the facts found by the referee. And we must assume, in the absence of the evidence, not only that the facts found are true, but also that the evidence warranted the findings. *Gardiner v. Schwab,* 110 N. Y. 650 (17 N. E. Rep. 732). We are of the opinion that the facts found fully justify the conclusions of law arrived at by the referee, and we cannot say that the court erred in refusing to set aside his report. But the learned counsel for the plaintiffs in error contends that the settlement of the accounts of the treasurer, Hill, with the board of county commissioners is conclusive between the parties; that the board of commissioners, in making such settlement, acted in a judicial capacity; and that their decision cannot be collaterally attacked. But we think the position of counsel is clearly untenable. The judicial power of the late territory of Washington was vested by the organic act in a supreme court, district courts, probate courts, and in justices of the peace. See § 1907, Rev. St. U. S. It follows, therefore, that boards of county commissioners could not have been clothed with judicial powers or functions, even by an act of the legislature, and much less could they exercise such functions in the absence of legislative enactment. The power exercised by the board of county commissioners in making settlements with the treasurer of their county is of a purely ministerial character, and such settlements do not partake of the nature of judicial decisions, and are not binding upon the county. The commissioners and the treasurer are alike agents of the county, and the

acts or omissions of one agent in the discharge of duties
imposed by law can in no way affect the obligations of the
other to the common principal.   *Board v. Otis,* 62 N. Y. 88,
92; *Mayor, etc., v. Stout,* 52 N. J. Law, 35 (18 Atl. Rep.
943); *Hunt v. State,* 93 Ind. 311.   It was the duty of the
defendant Hill to properly account for all moneys received
as county treasurer, and to pay over to his successor in
office, at the expiration of his official term, all money
belonging to the county then in his hands; and there was
no law authorizing the county commissioners to absolve him
from the performance of that duty.   *Dillon v. Spokane Co.,*
3 Wash. T. 498 (17 Pac. Rep. 889).   His settlement with
the county commissioners was only *prima facie* evidence
of the correctness of his accounts, and cannot be pleaded
as an estoppel.   3 Wash. T. 500 (17 Pac. Rep. 890); *Jeffer-
son Co. v. Jones,* 19 Wis. 51; *Nolley v. Callaway Co. Ct.,* 11
Mo. 447, 457; *Board v. Otis, supra.*

It is further contended by plaintiffs in error that it was
error on the part of the court to admit in evidence, over
defendants' objection, the particular items of the accounts
mentioned in the complaint, for the reason that the plaint-
iffs had failed to furnish a copy of the same to defendants
within ten days after demand thereof in writing, as pro-
vided by law.   The code provides that it shall not be
necessary for a party to set forth in a pleading a copy of the
instrument in writing, or the items of an account therein
alleged; but unless he file a verified copy thereof with such
pleadings, and serve the same on the adverse party, he
shall, within ten days after a demand thereof in writing,
deliver to the adverse party a copy of such instrument of
writing, or the items of account, verified by his own oath
or that of his agent or attorney, or be precluded from giv-
ing evidence thereof; and the court may in all cases order
a bill of particulars of the claim of either party to be fur-
nished.   Code of Washington, § 93.   This action is upon

an instrument in writing, and not upon an account; and the plaintiffs, having set forth a copy of the bond in the complaint, which was duly verified, substantially complied with the provisions of the statute in that particular. The execution of the bond was not denied by the defendants, and the breaches of its conditions were set out in the complaint. The accounts alleged to be incorrect were public accounts, and were kept by the defendant Hill, and it does not appear that they were not equally as accessible to defendants as to plaintiffs. The object of a bill of particulars or the items of an account is to apprise the defendant of the nature and extent of the cause of action in order that he may plead with greater certainty. *Waterman v. Mattair*, 5 Fla. 211, 213. See, also, Boone, Code Pl., § 125. And if the defendant himself has the means of obtaining such information, there is no reason for ordering the plaintiff to furnish it to him. Whether a bill of particulars should or should not be ordered in a particular case is a matter resting largely in the discretion of the trial court. *People v. Gibbs*, 93 N. Y. 470. The court below refused to order the plaintiffs to furnish a bill of particulars; and in the absence of anything indicating that the defendants were prejudiced thereby, we would not feel justified in disturbing its ruling.

Since the trial of this cause in the court below the defendants George D. Hill and D. M. Hyde have died, and their respective personal representatives have been substituted, and the action continued in accordance with the provisions of the statute. Perceiving no error in the record, the judgment of the court below is affirmed.

SCOTT, DUNBAR, and STILES, JJ., concur.

HOYT, J., not sitting.