## H. D. LOVE v. S. A. MOORE.

(Filed July 17, 1902.)

1. **JUSTICE OF THE PEACE—Jurisdiction Not Lost, When.** A justice of the peace having issued a summons in a case, which was regularly served, and which case was several times continued, the last continuance being to March 15, 1900, at 1:30 p. m., on which date the case was tried, the justice failing to note on his docket specifically that the case was called at the hour of 1:30 p. m., but instead thereof noting the fact that the case was called, that plaintiff appeared, that defendant appeared not, and after waiting one hour declared the defendant to be in default, and rendered judgment did not lose jurisdiction.

2. **SAME—Docket Entries—Language Equivalent to, What.** Held, further, that the language used was equivalent to stating that the case was called at 1:30 p. m. on March 15, 1900.

3. **JUSTICE PROCEEDINGS—Presumptions in Favor of Regularity of.** All presumptions should be in favor of the regularity of the proceedings of justices of the peace, and not against them.

(Syllabus by the court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*J. W. Quick* and *S. H. Harris,* for plaintiff in error.

*W. M. Bowles* and *R. E. Evans,* for defendant in error.

### STATEMENT OF FACTS.

On December 12, 1899, the defendant in error commenced an action before E. W. Jones, a justice of the peace of the city of Perry, Noble county, against the plaintiff in error, and others. The trial day was December 18, at which time certain parties appeared and certain motions were filed. On January 11, an alias summons was issued, and served on the plaintiff in error, and on January 16, the return day of the summons, the plaintiff in error appeared, and the case was continued to

February 19. The case was then continued until March 6, and again until March 14, and then until March 15, at 1:30 p. m. The justice's docket shows this entry:

"Mch. 15, 1900. Case called. Plff. Appears. Defts. appear not and after waiting one hour were declared to be in default. Whereupon judgment rendered in favor of plaintiff against defendants C. E. Reed and R. D. Love in the sum of $54. being principal of note $30 Int. $19 and attys. fee of $4.90, and costs of suit at $———.''

On June 13, 1900, an abstract of this judgment was filed in the district court of Noble county, and on August 13, 1901, an execution was issued out of the district court, and on the same day levied on certain property of the plaintiff in error. On September 10, 1901, the plaintiff in error filed a motion in the district court to quash the execution and set aside and vacate the judgment rendered in this case, for the reason that the transcript of the justice's proceedings failed to show that the justice of the peace had jurisdiction to render the judgment against the plaintiff in error. Among other things, the docket of the justice was introduced in evidence. From judgment denying the motion plaintiff appeals.

Opinion of the court by

PANCOAST, J.: It is contended by the plaintiff in error. that the proceedings of the justice of the peace who rendered the original judgment were so irregular that the judgment rendered is void and a nullity; that no presumptions in favor of the regularity of the proceedings of a justice court are indulged in; and that all the facts necessary to show the jurisdiction of an inferior court must appear from the record; and, finally, that the justice's docket failing to show affirmatively the hour at which the defendants failed to appear and were

adjudged in default, and this being a jurisdictional defect, the judgment rendered against him is void.

Several cases are cited in support of the contention of the plaintiff in error in this case, among which may be noted the case of *Mudge v. Yaples,* 25 N. W. 297, a Michigan case, the decision in which seems to rest upon the former case of *Vroman v. Thompson,* 16 N. W. 808. This is the leading case, to which all other cases refer that follow the rule laid down here. A careful examination of these cases shows the fact to be that in the state of Michigan there is a statutory provision which specifically requires the time of the appearance of the parties to be entered upon the justice's docket, and the learned court, following that statutory provision, necessarily held that where the defendant failed to appear it was necessary for the justice of the peace to note the hour at which the plaintiff appeared and the trial was had. This case is followed in the case of *Post v. Harper,* 28 N. W. 161.

The case of *Miller v. Plue,* from Nebraska, 64 N. W. 232, is cited as following and sustaining the Michigan cases, but a careful examination of this case does not uphold this contention, for in the Nebraska case it was shown that:

"The docket of the justice fails to disclose the day and hour specified in the summons for the appearance of the defendant, nor does it appear that service of the writ was ever had upon him. Nor, if made, that it was served at least three days before the time set for trial, as required by statute. It is shown that Miller never appeared before the justice. Therefore it was necessary for the docket to show affirmatively that jurisdiction was acquired over his person by the service of process upon him within the time and in the mode prescribed by statute. In other words, it was indispensable that the docket, by a reasonable intendment, disclose that the justice had jurisdiction of the person of the defendant. While it is true that

the docket entry shows that the plaintiff appeared, the trial was had, and judgment was rendered on the 2nd day of May, 1891, yet it is not shown that that was the day fixed for the return of the summons. Nor does the docket state at what hour the plaintiff appeared and the case was called for trial."

So it is plainly seen that this case did not rest alone upon the defect that the docket did not show the hour at which the trial was had; and while the court farther on, refers to the Michigan cases as supporting its decision, yet it is evident that the decision does not rest upon this one proposition.

The case of *State ex rel Kenyon v. Laurandeau,* (Montana,) 53 Pac. 536, is also relied upon as supporting the contention of the plaintiff in error. While the court seemingly cites the Michigan cases with approval, yet the case under consideration there is not the case here at all. In that case it was shown affirmatively by the justice's docket that the plaintiff did not appear at the time set for the trial or at the time the trial was had; that the defendants did appear, but made no answer, and that the justice, notwithstanding the failure of the plaintiff to appear, rendered judgment in the case. In the decision of the case the Montana court holds, quoting from *Redman v. White,* 25 Mich. 523.

"The failure of the plaintiff to appear within one hour after process is returnable works a discontinuance, and, of course, excludes all authority in the justice to give judgment for him. Now, if the proof afforded by the docket was so defective as not to show that the plaintiff appeared on any particular day out of several, it certainly did not show that he appeared within the time prescribed, to authorize the justice to render judgment for him. It therefore fails to show affirmatively, as is necessary, that the justice was possessed of authority to give the judgment in question, and was properly excluded."

This case therefore cannot be held to be in point in the case at bar, nor can any of the cases referred to be held to be authority here, as the first two were based upon a statutory provision and the others upon a different state of facts. These are about the only cases which hold along the line indicated, and require such strict nicety of form and expression on the part of justices of the peace; while on the other hand, numerous courts, whose decisions are entitled to the same respect, deal much more liberally with the records of justices of the peace in matters of this character.

In the case of *Bacon v. Bassett,* 19 Wis. 54, the court had this identical question before it, and it was there contended that the justice's docket should show affirmatively at what hour the case was called and the judgment rendered; that it should show that he held his court in some town in the county; and that the summons was served in that county; otherwise, that it did not show facts sufficient to give him jurisdiction. The court, in passing upon that case, held that the statute did not require the justice to enter in his docket that he held his court at the time and place appointed in the summons; that the presumpion was that he did so until the contrary was shown; nor did it require the justice to enter on the docket at what hour the suit was called or the judgment rendered, the presumption being that the suit was called within one hour after the time specified in the summons, and judgment rendered after the expiration of such hour.

From the language used by the justice in this case is it necessary to presume anything in order to fairly show that the justice tried the case at the hour to which the same had been continued? It is true that the hour is not noted specifically, but is not the language "case called, plaintiff appeared, defendants appeared not, and after waiting one hour were declared to

be in default" equivalent to the statement that the plaintiff appeared at the hour of 1:30 p. m.? If not why the statement that the justice waited one hour? What does the language "waiting one hour" refer to if it does not refer to the hour 1:30, to which time the case had been adjourned? If the case had been called at any other hour and the language used that is used by the justice in this case, that is to say, if the justice had called the case at the hour of 10 o'clock in the forenoon instead of 1:30 in the afternoon, and had used the language that he did use in this case, viz: "After waiting one hour defendants were declared to be in default," then the justice would have directly falsified the records of the case in a statement of that kind, which would have been absolutely misleading, and could have been made for no other purpose than to deceive the parties. Certainly there is no presumption here that an officer whether of a court of general or limited jurisdiction will make a statement that is clearly false.

This case seems to be argued upon the theory that the plaintiff did not appear, and for that reason the justice lost jurisdiction, and some evidence was introduced in the court below to show that the plaintiff did not appear. This evidence, however, was not considered by the court in rendering the decision, and it was properly excluded. The record of even a court of limited jurisdiction cannot be impeached or sustained in the manner attempted in this case, and particularly is this true in a collateral attack.

This is a proceeding, by way of motion, to set aside the judgment of the court, and an attack upon an execution, upon the theory that the justice had lost jurisdiction, and that, therefore, the judgment was a nullity. The record in the case shows that personal service was had, and that it was upon one of the adjourned days that the defendants did not appear. The

record shows affirmatively that the plaintiff did appear, and therefore the justice had jurisdiction of the plaintiff on the day of the trial, jurisdiction of the defendants by virtue of service, and jurisdiction of the subject-matter. If it is held that the justice lost jurisdiction because he did not note specifically upon his docket that the case was called at 1:30 p. m. on March 15, 1900, then no allowance can be made for the fact that justices of the peace are usually not legal experts, and we cannot use the well established rule that justices of the peace are not expected to keep their dockets with the same nicety of legal form and expression as will be found in the records or courts of general jurisdiction. Indeed, we think that if such strictness is required in the records of justices of the peace it will hardly be possible to expect that any judgment will ever be rendered by a justice of the peace in this territory that some flaw cannot be found in. We think the record in this case is an exceptionally well kept one for a justice of the peace. The defect complained of is the only one noticable. In fact, it will hardly be found that records of the district court are kept with more particularity than were the records in this case.

In the case of *Driscoll v. Smith,* 17 N. W. 876, the supreme court of Wisconsin had under consideration a case exactly in point, and the court said:

"The first ground, if tenable, is jurisdictional, and properly cognizable by the writ. The summons was returnable February 25th, at 7 o'clock in the afternoon. The entry in the docket is 'February 25, 1881, case called,' etc. Section 3623, Rev. St., requires the justice to call the case for trial at the hour specified in the process. Section 3374, Rev. St., requires the justice to enter in his docket 'the time when the trial is had,' and 'where the parties appeared before him.' The statute does not require that the exact hour of calling the case should

be entered on the docket. (*Bacon v. Bassett, supra.*) All reasonable presumptions must be indulged in, in favor of the proceedings, before even a justice's court, and the presumption is that the case was called at the hour named in the process, nothing appearing to the contrary, and the statute not requiring the hour of calling it to be entered in the docket."

In Kansas, from which state our justice practice was taken, the court deals liberally with justices' records. There the court holds that all presumptions should be in favor of the regularity of the proceedings, and not against them. (*Green v. Tower,* 30 Pac. 468.) Notwithstanding the case cited *supra* from Nebraska, the case of *Wells v. Turner,* 16 N. W. 484, from the same state, seems to go farther than all the other cases, and holds that the justice court had jurisdiction even though both parties failed to appear at the time the case was set for trial. The justice in that case, having possession of the evidence of the indebtedness upon which the suit was brought, after waiting one hour from the time the case was set for trial, and neither the plaintiff nor defendant appearing, in the absence of both parties entered up judgment against the defendant, and the court says that in such a case "the justice may proceed with the trial in the absence of the plaintiff" and also that "if there is no defense to the action, the fact that judgment was rendered before the expiration of the hour will be error without prejudice." The two cases from Nebraska cannot be harmonized, and while we are not satisfied with the rule laid down in the first one, we do not feel disposed to adopt the last one literally. Both cases go to extremes which we do not deem justified.

We therefore conclude that the justice had jurisdiction of the plaintiff, of the defendant and of the subject-matter of the action; that his failure to note upon his docket the hour at which the case was called is not fatal to the jurisdiction he had

acquired of the parties. From the language used it will be presumed that he called the case at the hour of 1:30 p. m. on March 15, and after waiting one hour, and the defendants failing to appear, he rendered judgment in favor of the plaintiff. We see no error in this case, and the judgment is therefore affirmed.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.