LEOPOLDO MOLINA, Plaintiff and Appellee, *v.* SANTOS RODRÍGUEZ, Defendant and Appellant.

No. 4632. Argued April 30, 1929.—Decided March 7, 1930.

*Carlos J. Torres* and *Jorge M. Morales,* for appellant. *Bolívar Pagán,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Leopoldo Molina instituted an action against Santos Rodríguez to recover the sum of $1,601.50. The defendant

answered. The case went to trial and the court, after considering the evidence, concluded that it had been shown that the defendant owed the plaintiff the sum of $725.20 and rendered judgment in favor of the latter for that amount.

Thereupon the defendant appealed to this court and he has assigned in his brief three errors.

By the first assignment it is maintained that the court erred in permitting the plaintiff to introduce his evidence without having first furnished the defendant with a bill of particulars, which the latter had demanded.

In support of its contention the appellant invokes section 124 of our Code of Civil Procedure and the jurisprudence of California, construing a similar provision, which is summarized in 21 Cal. Jur. 69, as follows:

"Under the code, 'It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof'."

The appellant also cites other authorities in the careful argument which he has prepared on this point. It would seem useful to reproduce here the following quotation, since it explains in a few words the function of a bill of particulars in our system of procedure.

"The real purpose of ordering a bill of particulars is to reach justice between the parties by evolving the truth from their discordant statements and to give the parties every reasonable facility for coming to the trial fully prepared for all that may be produced by the other side and this is just as important whether the matter is bare defense or a basis for a demand for affirmative relief." Liscomb v. Agate, 51 Hun. (N. Y.) 288; 4 N. Y. Suppl. 167.

We are entirely in accord with the jurisprudence thus cited, but not so with the conclusion that the error assigned by the appellant has been committed.

To be sure, the record shows that on September 10, 1926, the defendant demanded a bill of particulars from the plain-

tiff; but it also shows that eight days later the plaintiff filed in court a writing duly served upon the defendant objecting to the said demand on the ground that the bill of particulars was not necessary, since the origin and the total of the account were sufficiently specified in the complaint. Thus the issue was made on this point which was submitted to the court for its decision.

On September 24, 1926, the court overruled a demurrer interposed by the defendant, and the latter, on October 2 following, without any decision having been previously rendered as to the bill of particulars, filed his answer.

The case remained in that condition for more than two years, and on December 28, 1928, when it was called for trial and the parties announced that they were ready to proceed, the defendant moved that the plaintiff be not permitted to introduce his evidence for the reason that he had not furnished the bill of particulars which the defendant had demanded from him. The court overruled this motion on the following grounds:

"The second paragraph of the complaint herein reads thus: 'That during the months of May to December 1923, the plaintiff sold as in account current to the said defendant goods and effects produced in his shoe shop consisting of 433 pairs of shoes, at an average price of $3.70 per pair, making a total of $1,601.50, payable in January of the year 1924.' A bill of particulars was demanded by the defendant from the plaintiff. The latter objected and after the trial was commenced, when the parties had made their opening statements and the witnesses had been sworn, the defendant moved that the plaintiff be not permitted to introduce any evidence of the account. The complaint states a cause of action. The second averment is sufficiently specific. It apprises the defendant of the claim made upon him and, besides, we must bear in mind the answer, in which the account of the plaintiff is denied."

It was within the discretion of the trial court to decide the question raised (*Ferry* v. *King Co.*, 2 Wash. 337, 26 Pac. 537–538), and in view of the attendant circumstances of this case, we think that the court did not abuse its discretion.

The second assignment of error is formulated as follows:

"The court erred in permitting the plaintiff and appellee to introduce a material amendment in the complaint entirely changing the cause of action."

At the commencement of the trial the following incident occurred. We quote from the transcript:

"Plff.—We ask leave of the court to introduce a minor amendment in the complaint in accordance with section 140 of the Code of Civil Procedure; that where it states 'May to December 1923' it should be made to read 'August 1923 to April 1924.'

"Deft.—We object to the amendment. We have come prepared to show that during the months of May to December, as alleged in the complaint, we had no dealings with this party defendant.

"Judge.—The court permits the amendment to be made; but if the defendant is not ready to meet the amendment, then the court will continue the trial imposing the costs on the plaintiff.

"Deft.—I take an exception."

In our judgment, although it can not be denied that the amendment was important, it is not necessary to conclude from this that the amendment changed the cause of action as contended by the appellant. No prejudice was caused. Some doubt might arise if the court had not added, as it did, in ruling upon the motion "but if the defendant is not ready to meet the amendment, then the court will continue the trial imposing the costs on the plaintiff." The defendant elected to go on with the trial and, in the course thereof, he showed that he was perfectly prepared to make his defense. In these circumstances, it could not be properly held that any prejudicial error was committed.

By the third and last assignment of error it is urged that the district court did not properly weigh the evidence. We have examined the evidence more than once and on every occasion it has been difficult, almost impossible, for us to arrive at a definite conclusion in favor of either of the parties. At times it appeared to us that the plaintiff is fully in the right, that with great efforts he manufactured

shoes in a rural district of Comerío, sending the output to the establishment of the defendant, who thereafter refused to pay the value thereof. At other times it seemed to us that the defendant was a real benefactor of the plaintiff, furnishing him with living accommodations and funds with which to begin to work independently, liquidating his accounts and delivering to him the small balances resulting therefrom, and that the plaintiff, after his financial condition declined and after a request for further protection was refused, repaid all those favors with an entirely baseless claim. There is conflict, not only in the testimony offered in evidence, but also in the documents introduced as part of the proof. One of such documents, apparently signed by the defendant and introduced by the plaintiff, tends to support the judgment, while another, seemingly signed by the plaintiff and introduced by the defendant, if true, would tend to show that a liquidation took place and that the plaintiff had received what was due him. In his testimony the defendant denied the authenticity of the signature appearing on the former document, while the plaintiff, testifying in his own behalf, denied the authenticity of the signature shown on the latter document.

Under the circumstances, it may be said that in no other case than this could be better appreciated the wisdom of the rule that, where the evidence is conflicting and the conflict has been resolved by the trial court and there is no showing of passion, prejudice, partiality, or manifest error, the appellate court will not disturb the decision appealed from. Here we may apply the rule with still greater confidence, as the district court, not only adjusted the conflict, but it also amply set forth in its statement of the case and opinion the reasons on which it based such an adjustment and, further, it contented itself with ordering the payment of that portion of the claim which it deemed fully proved.

The judgment appealed from must be affirmed.