Leopoldo Molina, demandante y apelado, *v.* Santos Rodríguez, demandado y apelante.

No. 4632.—*Sometido:* Abril 30, 1929. *Resuelto:* Marzo 7, 1930.

*Carlos J. Torres* y *Jorge M. Morales,* abogados del apelante; *Bolívar Pagán,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Leopoldo Molina demandó a Santos Rodríguez en cobro de $1,601.50. Contestó el demandado. Fué el pleito a juicio y la corte analizando la evidencia de una y otra parte concluyó que se había probado que el demandado debía al demandante la suma de $725.20 y dictó sentencia ordenando su pago.

No conforme el demandado apeló para ante este tribunal, señalando en su alegato la comisión de tres errores.

■ Por el primero se sostiene que la corte erró al permitir que el demandante presentara evidencia sin antes haber suministrado al demandado el "bill of particulars" que dicho demandado le pidiera.

En apoyo de su contención invoca el apelante el artículo 124 de nuestro Código de Enjuiciamiento Civil y la jurisprudencia de California interpretativa de un precepto similar que se resume en 21 Cal. Jur. 69, así:

"De conformidad con el Código, 'en las alegaciones no es necesario que la parte que alega la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria, dentro de los cinco días de haberla pedido por escrito, una copia de dicha cuenta, o estará impedido de presentar prueba en apoyo de la misma.' "

Cita además el apelante otras autoridades en el cuidadoso estudio que hace sobre la materia. Parece conveniente transcribir la que sigue, porque en breves palabras explica la función del "bill of particulars" en nuestro procedimiento. Es así:

"El verdadero objeto que se persigue al ordenarse la presentación de un 'pliego de particulares' es hacer justicia entre las partes, extrayendo la verdad de sus manifestaciones discordantes y otorgándoles facilidades razonables para que comparezcan a juicio enteramente preparados para todo lo que pueda ser presentado por la parte contraria, y esto tiene tanta importancia cuando se trata de una simple defensa como cuando sirve de base a una solicitud sobre remedio afirmativo." Liscomb v. Agate, 51 Hun. (N.Y.) 288; 4 N.Y. Suppl. 167.

Estamos enteramente conformes con la jurisprudencia in-

vocada pero no con que se haya cometido el error que señala el apelante.

Los autos demuestran que, en efecto, el demandado solicitó del demandante el 10 de septiembre de 1926 un "bill of particulars," pero demuestran también que ocho días después el demandante radicó en la corte un escrito notificado al demandado oponiéndose a la solicitud por no ser necesario el "bill" ya que en la demanda se detallaban suficientemente el origen y el montante de la cuenta. Y así quedó trabada la contienda sobre ese extremo para ser decidida por la corte.

El 24 de septiembre de 1926 la corte declaró sin lugar una excepción previa formulada por el demandado y éste el 2 de octubre siguiente, sin que nada se hubiera resuelto sobre el "bill of particulars," archivó su contestación.

Así las cosas transcurrieron más de dos años y el 28 de diciembre de 1928, cuando el pleito fué llamado para juicio y las partes anunciaron que se encontraban listas, al comenzar la práctica de la prueba el demandado pidió a la corte que no oyera la del demandante por no haberle servido el "bill of particulars" que de él solicitara. La corte declaró sin lugar la petición por los siguientes motivos:

"En este caso el hecho segundo de la demanda lee así: 'Que durante los meses de mayo a diciembre de 1923 el demandante vendió en cuenta corriente a dicho demandado efectos de su taller de zapatería consistentes en 433 pares de zapatos a un precio en promedio de $3.70 por cada par, haciendo un total de $1,601.50, pagadero en el mes de enero del año 1924.' Se pidió por el demandado un pliego de particulares al demandante; éste se opuso, y después de comenzado el juicio, cuando ya las partes han expuesto su caso y juramentado a los testigos, se pide por el demandado que el demandante no introduzca evidencia de la cuenta. La demanda establece una causa de acción. El hecho segundo es suficientemente específico. Le dice al demandado de una reclamación que se le hace, y, además, hemos de tener en cuenta la contestación en que se niega la cuenta del demandante."

La corte tenía discreción para resolver la cuestión planteada (*Ferry* v. *King Co.*, 2 Wash. 337, 26 Pac. 537, 538) y,

bajo las circunstancias concurrentes no creemos que abusara de su facultad.

■ El segundo error alegado se señala así:

"La Corte erró al permitir al demandante apelado hacer una enmienda material a la demanda que cambiaba por completo la causa de acción."

En los comienzos del juicio, ocurrió lo que sigue. Copiamos de la transcripción:

"Dte:—Solicitamos de la Corte permiso para hacer una pequeña enmienda a la demanda, de acuerdo con el art. 140 del Cód. de Enj. Civil, que donde dice 'mayo a diciembre de 1923' que diga de 'agosto 1923 a abril 1924.'

"Dmdo:—Nos oponemos a la enmienda. Venimos preparados para demostrar que durante los meses de mayo a diciembre como alega la demanda, nunca habíamos tenido negocios con este individuo demandante.

"Juez:—La Corte permite la enmienda, pero si el demandado no está listo con esa enmienda, entonces la Corte suspenderá la vista del caso, imponiendo las costas al demandante.

"Dmdo:—Tomo excepción."

A nuestro juicio si bien no puede negarse que la enmienda era importante, no por eso es necesario concluir que variara la causa de acción como sostiene el apelante. No se causó perjuicio. Hubiera quedado la duda si la corte no hubiera agregado como agregó a su resolución lo que sigue: "Pero si el demandado no está listo con esa enmienda, entonces la corte suspenderá la vista del caso, imponiendo las costas al demandante." El demandado optó por continuar la vista y durante ella demostró que estaba perfectamente preparado para defenderse. En tales condiciones no cabe decidir que se cometiera error fundamental alguno.

■ Por el tercero y último de los errores señalados se alega que la corte de distrito no apreció debidamente la prueba. Hemos leído ésta una y otra vez y nos ha sido

siempre difícil, casi imposible, llegar a una firme convicción en pro de alguna de las partes. A veces parece que el demandante tiene por entero la razón, que con grandes esfuerzos fué fabricando zapatos en un barrio de Comerío y enviándolos al comercio del demandado, negándose éste luego a satisfacer su importe. Otras parece que el demandado fué un verdadero protector del demandante, dándole casa y dinero con qué empezar a trabajar independientemente, liquidando sus cuentas y entregándole el pequeño saldo resultante, y que a todo ello respondió el demandante cuando vino a menos y después de solicitar en vano por segunda vez su protección, con una reclamación enteramente injustificada. No sólo son contradictorios los testimonios, si que también los documentos privados presentados. Hay uno aparentemente firmado por el demandado presentado por el demandante que tiende a sostener la sentencia y otro aparentemente firmado por el demandante presentado por el demandado que de ser cierto tendería a demostrar que hubo una liquidación recibiendo el demandante lo que le correspondía. El demandado declarando negó la autenticidad de la firma del primer documento, y declarando el demandante negó también la autenticidad de la firma del segundo.

Bajo esas circunstancias, en ningún caso mejor que en éste se aprecia la sabiduría de la regla que dice que cuando la prueba es contradictoria y el conflicto ha sido dirimido por la corte de jurisdicción original, sin que se demuestre pasión, prejuicio, parcialidad o manifiesto error, la corte de apelación no alterará la sentencia recurrida. Y podemos aplicar con mayor confianza aun la regla, porque la corte de distrito no sólo dirimió aquí el conflicto si que además en su relación del caso y opinión expresó ampliamente las razones que tuvo para ello y se limitó a ordenar el pago de aquella parte de la reclamación que estimó enteramente justificada.

*Debe confirmarse la sentencia recurrida.*