GASPAR BERIO, demandante y apelado, *v.* JUAN DELFÍN RIVERA, demandado y apelante.

No. 5102.—*Sometido:* Diciembre 18, 1930. *Resuelto:* Junio 19, 1931.

*Bolívar Pagán,* abogado del apelante; *L. A. y M. A. García del Rosario,* abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

■■ Se trata de una acción sobre una cuenta corriente, ro sobre una cuenta liquidada (*stated*). La moción del demandado interesando un pliego de particulares (*bill of particulars*) fué denegada.

El artículo 124 de nuestro Código de Enjuiciamiento Civil lee como sigue:

"En las alegaciones no es necesario que la parte que alegue la existencia de alguna cuenta, detalle las partidas de ésta, pero deberá entregar a la parte contraria, dentro de los diez días de haberla pedido por escrito, una copia de dicha cuenta, requisito sin el cual quedará imposibilitada de presentar prueba en apoyo de la misma. La corte o juez podrá disponer la presentación de otra cuenta además de la presentada, si ésta fuere demasiado general o resultare defectuosa en alguno de sus particulares."

La notificación de la moción del demandado equivalía substancialmente a un requerimiento por escrito de copia de la cuenta. En lugar de suministrar esa copia dentro del período estatutorio, el demandante solicitó que la moción del demandado fuese señalada para vista, y se opuso a que fuera declarada con lugar. Al desestimar la moción, el juez de distrito no adujo fundamento alguno para su actuación. Posteriormente, al fallar el caso, dijo que el demandado había agotado todos los medios de resistencia disponibles a tenor de la ley, que se había radicado toda clase de excepciones previas y mociones, y que la contestación sólo contenía una negación general.

La moción interesando un pliego de particulares había sido precedida por una moción para anular el emplazamiento, una moción para eliminar, y una excepción previa. El apelado hace mucho hincapié en el hecho de que los tres primeros escritos eran frívolos y fueron interpuestos únicamente con ánimo de dilatar el caso. Esta carga sobre la paciencia del juez sentenciador puede explicar, pero no justificar, su actitud al declarar sin lugar la moción solicitando un pliego

de particulares. Esa moción no era frívola y no debió haber sido denegada.

El apelado también insiste en que la corte de distrito ejerció su discreción al considerar la moción, y que no debe alterarse él resultado en este recurso. Puede dudarse seriamente que la corte de distrito tenga discreción alguna en torno a materias claramente comprendidas en el estatuto. 1 Bancroft's Code Pleading, 703, pár. 488. De todos modos, "donde los estatutos relativos a pliegos de particulares se interpretan en el sentido de investir a los tribunales de facultades liberales al ordenarlos, esos pliegos deben ser liberalmente concedidos, a menos que sean claramente inútiles, y se soliciten con el mero propósito de molestar." 49 C. J. 626, pár. 887. También hay autoridad para decir que "puede revisarse la resolución cuando es claramente errónea; y la discreción del tribunal sentenciador respecto de la suficiencia del pliego de particulares que se radica con motivo de la moción es una discreción judicial que puede ser revisada." 4 C. J. 801, pár. 2759. El caso de *Molina* v. *Rodríguez*, 40 D.P.R. 690, que sirve de apoyo al apelado, no es de estricta aplicación al presente.

*Debe revocarse la sentencia apelada, devolviéndose el caso para ulteriores procedimientos no inconsistentes con esta opinión.*