[Decided January 31, 1888.]

## P. W. DILLON *v.* SPOKANE COUNTY.

1. PLEADING—DENIAL—NEGATIVE PREGNANT.—In a complaint to recover money received for the use of the plaintiff, where the precise amount claimed to be due is alleged, a denial of having received the particular amount alleged is worthless, and tenders no issue. In the absence of other matters in defense, the plaintiff would be entitled to a judgment on the pleadings.

2. COUNTY COMMISSIONERS, JURISDICTION OF—TAXES, COLLECTOR OF.—The board of county commissioners, in making settlement with the collector of taxes, have no authority to release the collector from the liability of paying over all the taxes he has collected and failed to account for.

3. SAME—PLEA IN BAR—ESTOPPEL.—An affirmative defense to a complaint against a collector of taxes, to recover moneys collected and not paid over by him, which avers that the collector had an accounting with the county commissioners, and made a full settlement, and received his discharge from all further liability, constitutes no defense to the action; *a fortiori,* when the collector has not denied the allegation in the complaint that he has moneys in his possession belonging to the county, which he has failed to pay over.

4. JUDGMENT, VALIDITY OF—ERROR.—The validity of a judgment is not affected by the fact that the reason given by the court below for its judgment is erroneous, if other valid reasons appear in the record which justify the rendition of the judgment.

ERROR to the District Court holding terms at Spokane Falls. Fourth District.

The county of Spokane sued the plaintiff in error, who was sheriff and ex-officio collector of taxes, to recover taxes collected by him, and which he failed to pay over, as required by law. The plaintiff had judgment, from which the defendant appealed. The facts appear sufficiently in the opinion of the court.

*Messrs. Knox & Parks,* for the Plaintiff in Error.

*Mr. S. C. Hyde, Mr. W. W. D. Turner,* and *Messrs. Griffitts & Stout,* for the Defendant in Error.

The denials in the answer constitute a negative pregnant, and must be held to be an admission of the allegations of the complaint. (Pomeroy on Rem. and Rem. Rights, secs. 618–623; Bliss on Code Plead., sec. 332.)

Mr. Justice LANGFORD delivered the opinion of the court.

This is an action brought by the county against the defendant Dillon, as sheriff and tax collector of said county, for default in paying over money collected by him as taxes.

The bondsmen were joined as defendants in the complaint, but only the tax collector, Dillon, answered, and judgment was rendered against him alone.

The complaint declares upon the bond, but its allegations are sufficient to constitute a cause of action against Dillon if the bond and the allegation thereto were stricken out.

The court entered judgment in the case against Dillon for the ostensible reason that he failed to answer interrogatories filed and served upon him. The argument has been made against this reason for the judgment. If the judgment was right, though the reason erroneous, the judgment should be sustained.

The allegations in the complaint are that the defendant collected delinquent taxes in each year, from 1880 to 1883, a specific sum of money.

The only denial of this in the answer is a denial of having collected exactly the sum the complaint alleges, but does not deny having collected any other than the exact sum alleged, whether more or less. This denial is worthless, and, by failure to deny, the defendant confessed the collection of all those sums, less perhaps a cent, or it may be by a cent more. If there were nothing else in the case, these pleadings would justify the judgment.

There is nothing to modify this conclusion, except it may be the denial to the seventh paragraph to the complaint or the new matter pleaded in the answer, and as to the receipt of $274, for delinquent taxes for the years 1880, 1881, 1882, and 1883, as to which last the answer is good.

The seventh paragraph is denied by a general denial, and is good as to that allegation. This allegation is simply an allegation of the sums received in totals; the items making these totals being admitted, the denial of the sums thereof is merely a denial of the correctness of the addition. The seventh allegation, and the denial thereof, form no issue of fact, and are superfluous and immaterial.

We have seen that the material facts constituting a good cause of action for the amount of the judgment stand confessed.

Does the affirmative matter avoid this confession?

This affirmative matter is an allegation that defendant had had a settlement with the board of county commissioners.

There is no law authorizing the county commissioners to release the defendant from paying over taxes which he has collected and failed to pay over. The language of the statute is simply intended to convey the idea that the board shall cause each officer to exhibit his accounts and declare whether they are or are not correct. If it is found they are not correct, the board may prosecute the defaulting officers. If they are correct, the board so resolves and spreads this resolution upon the minutes.

The latter action of the commissioners is admissible as a matter of evidence for or against an officer, but is not conclusive or pleadable in estoppel. The minutes of the board are only *prima facie* evidence. The new matter pleaded is therefore evidence only, and has no effect as an estoppel.

Having admitted that he has money belonging to the county, it is no defense to plead this new matter. Hence the judgment for the plaintiff was right.

It is unnecessary to inquire whether the reasons given for the correct judgment are erroneous, as that is an irrelevant inquiry. There is a denial of $274 however.

Let judgment be entered here, as was entered in the District Court, less the $274, and execution issue to the sheriff of the county of Spokane.

JONES, C. J., and ALLYN, J., concurred.