[No. 83. Decided November 14, 1890.]

. GEORGE W. PENTER v. STAIGHT & BEAVERS.

DEMURRER — MISJOINDER OF CAUSES — APPEAL — JURISDICTION OF SUPREME COURT—PLEADING.

Where two causes of action are improperly joined, the failure of the court to pass upon a demurrer on that ground is not cured by sustaining a demurrer to one of the paragraphs for want of sufficient facts to state a cause of action.

Where the first paragraph of a complaint contained an allegation of $200 damages against defendant, for which demand had been made before suit, and the second paragraph alleged damages at $500, the sustaining of a demurrer to the latter paragraph does not reduce the amount in controversy to $200, there being no amendment reducing the demand below $700; and the supreme court has jurisdiction thereof on appeal, under article 4, § 4, of the constitution, restricting jurisdiction to cases where the original amount in controversy is above $200.

Where appellees were not present when the statement of facts was settled, nor had any notice thereof, the supreme court will disregard the statement.

A complaint in an action for the recovery of commissions on the sale of real estate, which alleges that the property was placed in the hands of plaintiffs, and that they found a purchaser at the price named, and completed the bargain with the purchaser for the sale of the same, but which does not allege that they communicated knowledge of their action to the defendant, or that he carried out the arrangement made for the sale, or refused to carry it out, after such notice, is defective for want of sufficient facts.

An answer denying "generally each and every allegation" of the complaint, is good as a general denial, and it is error for the court to refuse to allow the defendant to introduce evidence competent under such a plea.

*Appeal from Superior Court, Whatcom County.*

Action by M. R. Staight and C. A. Beavers, copartners under the firm name of Staight & Beavers, against George W. Penter, to recover the sum of $700. The complaint was in two paragraphs; the first alleged money to be due on a contract to pay commissions as broker in making a sale of real estate; the second was for damages for injuring the good name and business standing of the plaintiffs. The facts are sufficiently stated in the opinion.

*S. M. Bruce,* for appellant.

*Dorr & Finch,* for appellees.

The opinion of the court was delivered by

STILES, J.—The complaint contained the separate statement of two improperly joined causes of action, in the first of which two hundred dollars was demanded, and in the second five hundred. Demurrers were interposed on the ground, first, that two causes of action had been improperly joined; and, secondly, that the complaint did not state a cause of action. The court below, on the hearing of these demurrers, disregarded the first ground of demurrer, but ruled on the second to the effect that the first cause of action, as pleaded, was sufficient, but that the second was not. We presume that the failure to pass upon the demurrer for misjoinder was upon the theory that as the facts stated in

the second cause of action were not sufficient to constitute a ground of complaint, there was no misjoinder, and it was, therefore, not necessary to rule upon that point. This was clear error. The demurrer upon this ground should have been sustained, and the plaintiffs allowed to amend by selecting which of the causes of action they would stand upon, and dismissing as to the other.

The error thus committed would not be very material in this case were it not that the court's action has opened the way to a motion to dismiss this appeal, on the ground that this court has no jurisdiction under that clause of the constitution (Art. 4, § 4) which restricts it to cases of this class where the original amount in controversy is above two hundred dollars. In this instance the "original amount in controversy" was the amount demanded, seven hundred dollars. But the appellee contends that inasmuch as the second cause of action contained an allegation of damage in the sum of five hundred dollars, and the first cause of action a like allegation of damage in two hundred dollars, the act of the court in sustaining the demurrer to the second cause, *ipso facto*, reduced the amount in controversy to exactly two hundred dollars. The demand, however, remained seven hundred dollars, and there was no amendment making it less. Inasmuch as the allegations of the first cause of action tended to show a right in the plaintiffs to compensation for services rendered of the value of two hundred dollars, for which demand had been made before suit, the proper judgment would have been two hundred dollars with interest thereon from the date of the demand until the judgment, something more than two hundred dollars; therefore it was proper that the prayer of the complaint on that cause of action should be more than the bare principal, which would have given this court jurisdiction.

There is another and an equally important ground, however, upon which we must sustain this appeal. It is claimed in the brief of the appellees, that upon the demurrer to the

second cause of action being sustained, that cause of action was abandoned and no longer formed a part of the controversy. Were that so, and had an amended complaint been filed demanding only two hundred dollars, we should hold with the appellee. But on referring to the record we find that not only was there no abandonment, but that the order sustaining the demurrer distinctly shows the plaintiffs excepting to the ruling of the court, thus preserving to the plaintiffs the right to appeal from that judgment. True, the trial went on upon the first cause of action, and plaintiffs were apparently satisfied with their recovery; but, had the judgment been against them, it was quite in their power to appeal to this court, giving it jurisdiction of the whole amount of seven hundred dollars on account of the alleged error of the court in sustaining the demurrer. If there would be jurisdiction for one side there must be jurisdiction for the opposite side.

The notice of appeal was given in open court, and was in accordance with the act of 1883. No notice whatever appears to have been given to the plaintiffs of the settlement of the statement of facts, nor do they or their attorneys appear to have been present when it was settled or certified; upon the objection of the appellees we must therefore disregard it. *Taylor v. Osborn, ante*, p. 189. The appeal is, therefore, before us upon the judgment roll, upon the following points: 1. Error of the court in not sustaining the defendant's demurrer to the first cause of action. 2. For want of findings of fact and conclusions of law. 3. Error in striking out portions of the answer.

This was an action for a real estate agent's commission, and the complaint alleged that certain property was placed in the hands of plaintiffs by defendant for sale at a certain price, and the plaintiffs undertook to use their best efforts to find a purchaser at the price named, for which, they being successful, they were to receive the usual commission, alleged to be five per cent.; and to charge the defendant,

the complaint also alleged that plaintiffs had found a purchaser at the price named, and completed the bargain with the purchaser for the sale of the same. But there was no allegation that the plaintiffs had ever .communicated knowledge of their action to the defendant, or that he had carried out the arrangement they had made for the sale, or had refused to carry it out after notice of the arrangement; and in these particulars, at least, it was fatally wanting. Mechem on Agency, § 612; *Love v. Miller*, 53 Ind. 294; 21 Am. Rep. 192.

A motion for a new trial was made upon several grounds, none of which we can notice, with the exception of the fifth, for the reason that they are dependent upon the statement of facts, which is out of the case. The fifth ground was, that the decision was against law, and is argued by reference to the insufficiency of the facts to support the judgment. No findings, whatever, were filed, the only allusion to the subject being found in the judgment which recites that the court "finds for the plaintiffs." We have discussed this matter of findings at large in *Bard v. Kleeb*, *post*, p. 370, decided at this session of the court.

The court below, on motion, struck out all of the defendant's answer, excepting the first clause, in these words: " First. He denies generally each and every allegation thereof," that is, of the complaint, which defendant assigns as error. But, although we do not consider all of the matter stricken out as sham, frivolous or irrelevant, the error was harmless to the defendant, as everything material was in the nature of evidence which could have been introduced under the general denial. We note, however, in the judgment that the court seems to have held the first denial above quoted not to be a general denial, and refused to allow the defendant to introduce any testimony under it, although it is recited that "the defendant offered evidence tending to deny the allegations of the complaint." We are at a loss to understand how a better general denial

24—1 WASH.

could have been framed. *Gammon v. Dyke,* 2 Wash. T. 266, and *Dillon v. Spokane County,* 3 Wash. T. 498, did not hold otherwise, or even touch the question. Assuming that the plaintiffs had proven facts sustaining every allegation of their complaint, it was then certainly competent for the defendant, under his restricted pleading, to disprove those facts if he could.

The judgment must be reversed and a new trial granted, with instructions to the court below to sustain the demurrer of the defendant on the ground of the misjoinder of causes of action, and also his demurrer to the first cause of action, with leave to the plaintiffs to elect which cause of action they will proceed upon, and to file an amended complaint thereon, after which defendant will have leave to answer the amended pleading. And it is so ordered, with costs to the appellant.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.