[No. 1039.   Decided April 24, 1894.]

SEATTLE NATIONAL BANK, *Respondent*, v. FRANK MEER-
WALDT, *Appellant*.

PLEADING —ANSWER—NEGATIVE PREGNANT—DENIAL UPON INFOR-
MATION AND BELIEF — REPLEVIN — DEMAND — PARTIES — JUDG-
MENT.

In an action of replevin to recover possession of a city warrant
which plaintiff alleges came into its hands by endorsement, an
answer alleging "that whether said warrant came into the hands
of plaintiff as alleged, this defendant has no knowledge or informa-
tion sufficient to form a belief, and he therefore denies the same,"
is an insufficient denial, for the reason that it constitutes a negative
pregnant.

Where the complaint in such action alleges that plaintiff "for-
warded and delivered unto the bank of Port Angeles into the hands
of one B. F. Schwartz, the then manager of said bank, the said war-
rant with the following endorsement thereon, to wit: 'For collec-
tion and credit account of Seattle National Bank, Seattle, Wash.;
signed, Robert G. Hooker, cashier,'" a denial of such allegations on
information and belief is sufficient, although defendant is in posses-
sion of the warrant and could have had actual knowledge of the en-
dorsement, as the material allegation of the complaint goes to the
fact of the forwarding and delivery of the warrant, and not to that
of its endorsement.

Although a paragraph of the complaint may allege several dis-
tinct matters, an answer thereto constitutes a sufficient denial when
it alleges "that whether the matters and things set forth [in said
paragraph] are true or false, defendant has no knowledge or infor-
mation sufficient whereof to form a belief, and he therefore denies
the same."

A paragraph of answer denying the allegations of a specific
paragraph of the complaint is sufficient to raise an issue without
being addressed to the allegations contained in other portions of
the complaint, although having a direct bearing on the subject mat-
ter of the issue presented.

Where the defendant in an action of replevin has set himself up as
the owner of the chattel in controversy, the necessity of demand
upon him prior to the institution of the action is excused.

In an action of replevin the one in possession of the chattel
claimed is the only necessary defendant, although an interest
therein may be asserted by others.

The judgment in favor of plaintiff in an action of replevin should be for the possession of the personal property in controversy, or in case delivery cannot be had, for the value, with damages, for the detention.

*Appeal from Superior Court, Clallam County.*

Action by the Seattle National Bank against Frank Meerwaldt to recover the possession of a certain warrant issued by the city of Port Angeles for the sum of $500, to one E. C. Burlingame, which, by various assignments and endorsements, came into the possession of plaintiff, and was transferred by it to one B. F. Schwartz for collection and credit, but was afterward sold by Schwartz to the defendant, without any authority it is claimed. Judgment was rendered for plaintiff upon the pleadings, in the following terms: ''That the plaintiff have and recover from the defendant the possession of the certain warrant mentioned and described in the pleadings in this cause, and that the same be immediately delivered by the defendant unto the plaintiff, and for judgment against the defendant in and for the sum of $500, together with interest thereon in the sum of $87.50, making a total sum of $587.50, the value of said warrant, if this judgment for the delivery of the same be not complied with.'' From this judgment defendant appeals.

*Trumbull & Trumbull*, and *W. Clark*, for appellant.

*Carr & Preston*, *C. S. Preston*, and *Benton Embree*, for respondent.

The opinion of the court was delivered by

STILES, J. — The respondent in its complaint alleged the issuance of a certain warrant by the city of Port Angeles, directing the treasurer of that city to pay to E. C. Burlingame or bearer the sum of $500. Subsequent portions of the complaint were as follows:

''3. That thereafter by several assignments and endorse-

ments written on the back of the said warrant above set forth, the said warrant came into the possession of this plaintiff for presentation to and collection of the amount due thereon from the said city of Port Angeles."

Appellant answered:

"That whether said warrant came into the hands of plaintiff as alleged in paragraph No. 3, this defendant has no knowledge or information sufficient whereof to form a belief, and he therefore denies the same."

This denial was insufficient to raise an issue, constituting as it did a negative pregnant. It is an admission that the warrant came into the hands of respondent in some manner for the purposes alleged. Bliss, Code Pl., § 332.

The fourth paragraph of the complaint is as follows:

"That thereafter, the plaintiff desiring to have presented and collected the said warrant as aforesaid, forwarded and delivered unto the bank of Port Angeles into the hands of one B. F. Schwartz, the then manager of said bank, the said warrant with the following indorsement thereon, to wit: 'For collection and credit, account of Seattle National Bank, Seattle, Wash. Signed: ROBERT G. HOOKER, *Cashier*,'"

The answer to this paragraph was:

"That whether the matters and things set forth in paragraph No. 4 in plaintiff's complaint are true or false defendant has no knowledge or information sufficient whereof to form a belief, and he therefore denies the same."

It is contended that this paragraph of the answer did not constitute a general or specific denial of each allegation of the complaint, and it was probably by following the construction contended for by the respondent that the court reached its conclusion in the case. Other allegations in the complaint and the admission of the answer showed that at the time the action was commenced the warrant was in the possession of the appellant, and the contention of the respondent is, that, inasmuch as the paragraph of the complaint under discussion alleged several distinct matters,

the denial, to be good, must have been addressed to each of the allegations of that paragraph; and further, that, inasmuch as it was alleged that certain words had been endorsed upon the warrant by the cashier of the respondent, which limited the authority of Schwartz and the bank of Port Angeles, whether or not these words were endorsed thereon must have been within the knowledge of the possessor of the warrant, and therefore could not be denied by him for want of information and belief merely.

As to the first point, we think the denial of the answer was sufficient. A fair illustration of a defective denial of this kind is found in *Collins v. North Side Pub. Co.*, 20 N. Y. Supp. 892, where the answer, after admitting a single allegation of the complaint, continued with a statement that the pleader had no knowledge or information sufficient to form a belief as to *all* the other allegations of the complaint and therefore denied the same. It was agreed that this was an insufficient denial because it might have been true that the pleader's information did not extend to all of the other allegations of the complaint, and still he might have either knowledge or information as to all but one of the allegations. But here it seems to us that the reference to the "matters and things set forth in paragraph No. 4," without the use of the word "all," ought to be taken as a sufficient denial of each and every of such matters and things.

As to the endorsement, "For collection and credit account of Seattle National Bank," etc., it is to be noted that the complaint does not allege that the plaintiff endorsed these words upon the warrant, but that it "forwarded and delivered the warrant to the bank of Port Angeles, with the following endorsement thereon;" and the denial goes to the fact of the forwarding and delivery merely. But if it be taken that the allegation is sufficient to cover the fact of endorsement by the respondent, still it would not neces-

sarily follow that when the warrant came into the hands of
the appellant the endorsement was still there.   The com-
plaint did not allege that when Schwartz delivered the
warrant to appellant any such endorsement was upon it;
or that appellant took the warrant with any notice that
any such endorsement had ever been upon it, nor that he
had any knowledge that the respondent had any interest
in or claim to the warrant or its proceeds.   Respondent
urges that, it being alleged that the endorsement was at
one time upon the warrant, it must be presumed that it
continued there, because otherwise some fraud would have
to be presumed in order to suppose its removal; but, going
further into the realm of speculation, it may be said also
that it would not be presumed that Schwartz had parted
with the warrant to appellant under such circumstances as
would make his act in so doing a fraud.

It seems to us that the fair effect of this denial and oth-
ers contained in the answer was to put the plaintiff upon
its proof of such facts as would entitle it to claim a return
of the warrant by appellant under all circumstances, be-
cause respondent had never ceased to be rightfully entitled
to the possession of it.

Paragraph 5 of the complaint alleged that ''prior to the
commencement of this action the said B. F. Schwartz, with-
out authority so to do, and without possessing any right,
title or interest in and to said warrant, turned over and de-
livered the same to the said defendant above named.''   The
paragraph of the answer corresponding to this one of the
complaint admits the delivery of the warrant by Schwartz
to appellant, but denies his want of authority so to do.
We think this denial also raised an issue, although respond-
ent claims that because facts showing the extent of the
authority of Schwartz were contained in other portions of
the complaint, and because the paragraph of the answer
under consideration is not addressed to those facts, the de-

nial is insufficient.    It certainly cannot be a good basis for criticism of a paragraph of an answer which is directed to a specific paragraph of a complaint that it does not cover all the other allegations of the complaint, containing a statement of facts which, if undenied, would upon a trial be necessarily taken as admitted.    The other allegations of the complaint spoken of all refer to the delivery of the warrant at a time prior thereto.    No date is mentioned when the delivery to Schwartz occurred, but between the date of the warrant, August 7, 1891, and the time of the commencement of the action in November, 1892, there was abundant time within which the entire relation of Schwartz to the warrant might have been changed.

Appellant also complains because his denial of the demand alleged to have been made upon him was not considered; but of that he cannot complain, for the reason that it appears by his own admission that he has set himself up to be the owner of the warrant, which absolved the respondent from the necessity of making a demand.  Cobbey, Replevin, §§ 448, 452, 512.

The material matters set out in the affirmative defense of the answer would seem to have been admissible under the denials of the answer, and, therefore, the defense was unnecessary.    That another individual was interested in the purchase of the warrant from Schwartz did not make that individual a necessary party to this· action.    The respondent being in possession of the warrant and this being an action of replevin, he alone was the necessary defendant.  *Scott v. McGraw*, 3 Wash. 675 (29 Pac. 260).

The judgment entered was in bad form, for the reason that it seemed to authorize the successful party to issue execution against the defendant unless the warrant was forthwith delivered.    A judgment in such cases should be for the recovery of the personal property the possession of which was sued for, or in case delivery cannot be had, for

the value, with damages for the detention. Code Proc., § 438. The judgment did not describe the warrant, and, therefore, was deficient. But all these matters can be corrected in case a new trial results in another judgment for respondent.

The practice adopted in this case of granting a judgment on the pleadings upon an oral motion, at the time the case was set for trial, is not to be commended. It has been recognized by this court in several cases, in one of which, *Port v. Parfit*, 4 Wash. 369 (30 Pac. 328), the proper theory of such proceedings is stated, but the portion of the statute there alluded to (Code Proc., § 412) expressly provides for a five days' notice of the time and place of application to the court for the relief demanded in the complaint, where the defendant has appeared. No such notice was given in this case, and in view of the other matters controlling the disposition of the case we only speak of it because it must undoubtedly operate to the surprise of a party who has filed an answer which has been replied to, to have an oral motion of this kind presented at the time when the case is called for trial on the pleadings, which he has until then supposed to be unexceptionable. A motion of this kind is in the nature of a demurrer to the sufficiency of the answer, but when sustained it cuts off the opportunity which a party would otherwise have to amend a pleading wherein a mere technicality may have the effect of depriving him of valuable rights and substantial justice.

The judgment is reversed, and the cause remanded for trial upon the pleadings.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.