[No. 3363. Decided January 2, 1900.]

FRANK B. COLE, *Respondent,* v. OTTO NOERDLINGER *et al., Appellants.*

ACTION FOR DAMAGES—ALLEGATION OF DAMAGE—INSUFFICIENCY OF DENIAL.

Where, in an action for the recovery of damages, defendant's denial of a paragraph of the complaint setting up an element of damages in a certain sum constitutes a negative pregnant, and the plaintiff has given testimony, uncontradicted by defendant, in support of the allegations of that paragraph, it is not error for the court to instruct the jury, that, if they find for plaintiff, they should award him the full sum claimed in that paragraph by reason of the insufficiency of the denial.

Appeal from Superior Court, Skagit County.—Hon. J. P. HOUSER, Judge. Affirmed.

In an action to recover damages for the wrongful suing out of a writ of attachment, plaintiff set forth in paragraph eight of his complaint, as an element of damages, the following allegation: "That this plaintiff was compelled to be at an expense in procuring witnesses and preparing for the hearing of his motion to dissolve said attachment, and

in attending the court for that purpose, of the sum of one hundred dollars." The answer of defendant contained the following denial of said allegation: "Further answering said complaint as to paragraph VIII. thereof, these defendants and neither of them have knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and therefore deny the same and each and every part thereof."

The court instructed the jury that this did not constitute a denial of of the incurrence of the expense alleged in paragraph VIII.

*D. M. Woodbury,* for appellants.

*E. C. Million,* for respondent.

PER CURIAM.—This is an action brought by the respondent to recover damages alleged to have been sustained by the wrongful and malicious suing out of an attachment, and was brought against the plaintiff in attachment and his bondsmen. From a judgment of $130 in plaintiff's favor, the defendants have appealed.

It clearly appears from the record that the verdict included $100 for expenses incurred by plaintiff in securing the dissolution of the attachment, $25 attorney's fees admitted by the answer to be reasonable, and $5 actual damages. In view of this, the only question that appellants are entitled to have considered is the correctness of the court's ruling upon a question arising on the pleadings.

At the trial respondent introduced proof showing that he had been to expense in procuring witnesses and making preparations for the hearing of the motion to dissolve the attachment. No evidence was introduced in opposition to this, and the court instructed the jury that, if they found for the plaintiff, they should allow $100 for expenses incurred by him in procuring the dissolution of the attachment. The instruction was correct, because, irre-

spective of the evidence in the case, the attempted denial contained in the answer amounted to nothing more than a negative pregnant, and, even if the instruction was erroneous, we would still be bound to regard it as harmless, because the uncontradicted testimony at the trial would have required the jury, under proper instruction, in the event of a verdict being for plaintiff, to allow him for the expenses incurred.

Affirmed.