[No. 9124.   Department One.   March 22, 1911.]

## WILLIAM A. PETERS et al., Respondents, v. JOHN T. McPHERSON, Appellant.[1]

PLEADING—ANSWER—NEGATIVE PREGNANT. A denial in manner and form that plaintiffs expended the specified sum of money alleged by them, in a certain action or at all, is a negative pregnant and insufficient.

PLEADING—ANSWER—GENERAL DENIAL—SUFFICIENCY. A general denial of each and every allegation of a paragraph of a complaint alleging that a certain sum is the reasonable value of plaintiff's services is sufficient to put the same in issue, under Rem. & Bal. Code, § 264 (authorizing either a general or a specific denial), without any specific denial that some lesser sum was due; since a general denial under the code is the equivalent of the general issue.

PLEADING—ANSWER—PLEA OF TENDER—JUDGMENT ON PLEADINGS. A plea of tender does not entitle the defendant to judgment on the pleadings, since the plaintiffs can admit the same without waiving their cause of action.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered March 2, 1910, in favor of the plaintiffs upon the pleadings, in an action on contract.   Reversed.

*John G. Barnes*, for appellant.

*Earle & Steinert* and *Marion Edwards*, for respondents.

PER CURIAM.—The respondents, who are attorneys at law, brought this action to recover for professional services. Judgment was awarded them upon the pleadings after answer filed, and the sufficiency of the answer to raise an issue is the question presented on this appeal.

[1]Reported in 114 Pac. 188.

That portion of the pleadings material to be considered are the following. In the complaint it was alleged:

"(2)   That on or about the 1st day of August, 1904, defendant employed plaintiffs as his attorneys, to defend a certain suit brought against him, entitled Edward F. Sweeney vs. John F. McPherson *et al.* in the superior court of the state of Washington for Kitsap county. That plaintiffs did appear for the defendant and his wife in said suit, and defend the same until its termination and from time to time from the 17th day of August, 1904, until and including the 17th day of October, 1907, they expended divers and sundry sums of money to pay the necessary expenses of the defendant in said suit, amounting in all to the sum of eighty-eight and 15-100 dollars ($88.15), which is itemized in schedule 'A' hereunto annexed.

"(3)   That the reasonable value of the plaintiffs' services to the defendant in said suit was three hundred ($300) dollars."

And for a second cause of action plaintiffs allege:

"(2)   That on or about the 1st day of August, 1907, that the defendant employed the plaintiffs to prosecute for him a suit against the administratrix of the estate of one Brown, deceased, in the superior court of the state of Washington in and for King county, which the plaintiffs accordingly did until its termination, and in the course thereof expended the sum of four ($4) dollars, for filing the complaint. That the reasonable value of their services in such suit was fifty ($50) dollars."

The answer thereto was as follows:

"(1)   Referring to the second paragraph of the first clause of complaint, defendant denies that the plaintiffs expended the sum of eighty-eight dollars and 15-100 to pay the necessary, or other expenses of defendant in said suit, or in any suit whatsoever, or at all.

"(2)   He denies each and every of the allegations contained in paragraph 3 of said first cause of complaint.

"(3)   Referring to the second paragraph of the second cause of action in said complaint, defendant denies that the reasonable value of the services of plaintiffs in the suit was $50."

And for a further and affirmative defense said defendant alleges:

"(1)    That on or about the 25th day of February, 1909, defendant duly tendered to the plaintiffs the sum of two hundred and twelve dollars and ninety-five cents, in payment for the services of plaintiffs, and the money paid out and expended by them, in the suits, matters and things set forth in the first and second cause of action in the complaint herein, said tender being made before the commencement of this action, and the amount being the full amount to which plaintiffs are entitled.

"(2)    That the defendant has always been and still is, ready and willing to pay the said sum to plaintiffs, and now brings and pays the same into this court for said plaintiffs."

The trial judge held the answer to be a negative pregnant, and hence insufficient to put the plaintiffs upon their proofs. He granted judgment, however, only after he had proffered the defendant leave to amend, and after the defendant had elected to stand on his answer.

The statute (Rem. & Bal. Code, § 264) provides that an answer, in order to put in issue the allegations of the complaint, must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.    It is manifest that this section recognizes two forms of denials, each of which traverses the allegations of the complaint to which it is directed; namely, a general denial, which may be either positive or on information and belief, and a specific denial, which likewise may be either positive or on information and belief.    These forms are, from their very nature, distinct and opposite, the one may be couched in general language and directed against the several paragraphs of the complaint or to the complaint as a whole, while the other must be specific and controvert each separate allegation of the complaint, those implied from the express allegations as well as the express allegations themselves. And while no forms for these denials are prescribed by the

code, it is the rule, and it is generally so held, that any form of words which clearly and unequivocally traverses the allegations intended to be denied is sufficient for that purpose. But the denials must be clear and unequivocal, hence, it is likewise held that literal and conjunctive denials, denials in manner and form, or any form of denial which fails to deny the averment in the complaint intended to be controverted in its substance and intent, is insufficient to raise an issue.

Applying these rules to the case in hand, it is plain that the attempted denial of the second paragraph of the first cause of action, and the attempted denial of the second paragraph of the second cause of action, are insufficient. They are neither general nor specific denials, but are denials in manner and form, which question the literal truth of the allegations to which they are directed, perhaps, but not their substance nor their effect. But the denial made to the third paragraph of the first cause of action, tested by the same principles, would seem to be sufficient. It denies each and every allegation contained in the paragraph to which it is directed, and is as definite, it would seem, as a general denial could be made. To have followed this denial, as is sometimes done, and seems to have been thought necessary in this case, with the words, "Deny that the services of plaintiffs were of the value of three hundred dollars, or of any value whatsoever," would not be to deny by a general denial, but by both a general and specific denial; a manner of denial not forbidden by the code, but a manner of denial wholly unnecessary. Moreover, the form here followed by the pleader is as definite as that recognized by this court as proper in *Penter v. Staight*, 1 Wash. 365, 25 Pac. 469, and more definite than the denial held sufficient in *Denver v. Spokane Falls*, 7 Wash. 226, 34 Pac. 926. The denial is also in the form recommended as proper and sufficient by the authorities and works on code pleading generally. Sutherland on Code Plead. & Prac., § 408. Also forms No. 102 *et seq.*

The argument generally made against this form of denial

is that it does not negative the idea that some lesser sum than the precise amount alleged is due the plaintiffs for the services performed; that an allegation to the effect that a certain sum is the reasonable value of stated services implies an allegation that each and every part of the sum alleged is likewise the reasonable value of the services, and hence, a general denial must admit the implied allegations, even though it deny those expressly alleged. But clearly this is not sound for many reasons. If it be true that an allegation in a complaint to the effect that a certain sum is the reasonable value of stated services implies an averment that each and every of the parts of such sum are also reasonable, it must be true that a denial which denies each and every allegation in the complaint traverses the implied allegation as well as those that are expressed, for otherwise it is something different from that which it purports to be, it is not a denial of each and every allegation in the complaint, but a denial of a part thereof only. Again, the form of denial is the equivalent of, and the substitute for, the general issue, under the common law system of pleading. Its use was intended to give the defendant the same right to require the plaintiff to establish by proofs all the material facts necessary to show his right to recover as would be required under the plea of the general issue at the common law. At the common law all of the principal actions in common use could be traversed by pleading the general issue. The form for such plea was, of course, not always the same; for example, in assumpsit, the plea was *non assumpsit;* in debt on simple contract, *nil debit;* in debt on bond or other specialty, *non est factum;* in trespass and in trespass on the case, not guilty; but each plea had the same effect—it traversed each and every allegation of the complaint to which it was directed. It left nothing to be assumed. It put in issue the expressed, as well as the implied, allegations of such complaints. Since, therefore, the general denial under the statute is the equivalent of, and the substitute for, the general issue at common law, by anal-

ogy it ought to have the effect of such a plea, and we think such was the purpose of the code.

It seems to us, however, that the strongest argument that can be made in favor of the sufficiency of this form of denial is that it is directly sanctioned by the code. Plainly the code contemplated that every allegation in the complaint, be the same an allegation containing implied averments, or otherwise, could be put in issue by a general denial. This being so, the court should recognize that purpose and give it effect, even though to do so may contravene some previously existing rules of pleading; for power to change the rules of pleading is one of the acknowledged powers of the legislature.

It is said, however, that this court has heretofore laid down a different rule; in fact, both sides find comfort in some of our former decisions, the respondent to sustain the trial court in its entire ruling, and the appellant to support the denials which in this case we hold to be insufficient. It must be confessed that our decisions have not been entirely harmonious on this question. The cases bearing thereon are the following: *Seattle v. Buzby,* 2 Wash. Ter. 25, 3 Pac. 180; *Gammon v. Dyke,* 2 Wash. Ter. 266, 5 Pac. 845; *Dillon v. Spokane County,* 3 Wash. Ter. 498, 17 Pac. 889; *Penter v. Staight, supra; Hansen v. Doherty,* 1 Wash. 461, 25 Pac. 297; *Proulx v. Stetson & Post Mill Co.,* 6 Wash. 478, 33 Pac. 1067; *Denver v. Spokane Falls, supra; Seattle Nat. Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763; *Columbia Nat. Bank v. Western Iron & Steel Co.,* 14 Wash. 162, 44 Pac. 145; *Cole v. Noerdlinger,* 22 Wash. 51, 60 Pac. 57; *O'Brien v. Seattle Ice Co.,* 43 Wash. 217, 86 Pac. 399.

We shall not stop to specially review all of those cases. In most of them where the denials have been held not to raise an issue, they were plainly denials in manner and form, being neither general nor special. It is worthy of notice, however, that in *Dillon v. Spokane County, supra,* the territorial court made the distinction we have sought to make here. The court, after remarking that certain of the denials failed

to raise an issue because they were denials in manner and form and insufficient, held that the denial to the seventh paragraph of the complaint was sufficient because, as the court stated, it was "denied by a general denial," the seventh paragraph being to the effect that the defendant had collected certain sums of money belonging to the county of Spokane for which he had failed to account.

The cases that can be said to be contrary to the rule we now announce are *Columbia Nat. Bank v. Western Iron & Steel Co.*, and *Cole v. Noerdlinger, supra*. The first of these cases was a suit upon a promissory note. The answer admitted the execution of the note, but denied by a general denial an allegation in the complaint to the effect that the same had not been paid and was wholly due. The decision was rested on two grounds: first, that the allegation was immaterial, and hence, need not be proved even if sufficiently denied, on the principle that payment is an affirmative defense which must be pleaded; and second, that the answer in itself was a negative pregnant. The reason why the court considered the answer a negative pregnant is not stated in the opinion, but it was probably thought that the denial was equivalent only to a denial in manner and form. The case of *Cole v. Noerdlinger*, is not quite the same, as the form of the denial is more subject to question, but it seems probable that the court rested its conclusion in that case on the principle that a general denial did not put in issue an allegation of the complaint to the effect that a given sum of money was due and owing from the defendant. These cases, we now conclude, are not founded on sound principles, and in so far as they conflict with what is here decided, they will not be followed.

On the other hand, for the purpose of sustaining all of the denials in his answer, the appellant cites and relies upon the case of *O'Brien v. Seattle Ice Co., supra*. In that case we did say that the doctrine of negative pregnant is the doctrine of the common law, and had been abrogated by statute, but

it is manifest that there was no intention to negative the rules which require certainty in pleading, or to hold that denials in manner and form were sufficient, as the case was distinguished from the cases so holding which were cited as authority by the other side. We cannot hold, therefore, that this case sustains the sufficiency of the denials to the second paragraph of the first cause of action or the denials to second paragraph of the second cause of action.

The appellant claims further that he is entitled to judgment on his affirmative answer, but plainly the answer is nothing but a plea of tender, which the respondents can admit without waiving their cause of action. For the error, however, in holding the denial to the third paragraph of the first cause of action to be insufficient, the judgment is reversed, and the cause remanded to try the issue made thereby.