[No. 12375.   Department One.   January 6, 1915.]

PETER DAVID, *Appellant*, v. FIDELITY-PHENIX FIRE
INSURANCE COMPANY, OF NEW YORK, *Respondent*.[1]

STIPULATIONS—PLEADINGS AND ISSUES—INSURANCE. In an action upon a fire insurance policy, in which the value of the property destroyed was placed in issue by a general denial, and an affirmative defense set up false swearing in the proofs of loss, in that the articles enumerated as destroyed were not in the house at the time of the fire, the question of the value of the property under the general issue is not eliminated by a colloquy between court and counsel in respect to the issues, particularly with reference to the matter pleaded in the affirmative defense, in which counsel for plaintiff stated that under the general issue plaintiff would have to prove that he sustained the loss alleged, but there was no charge of false swearing in the proofs of loss as to the value of the articles, and counsel for defendant acceded thereto, stating that if the property was in there, he was not going to state it "was not worth that amount;" the intention evidently being to limit the issue on the affirmative defense, and not eliminate the question of value on the general issue.

INSURANCE—PLEADINGS—DENIALS AND DEFENSES. Such a denial is not a "special denial" which would limit the general denial to the issues raised by the former; but is an affirmative defense in complete avoidance of the contract.

SAME—ACTIONS—ISSUES—INSTRUCTIONS. In an action upon a fire insurance policy, upon an issue as to false statements in the proofs of loss, it is proper to instruct that an innocent misrepresentation in the proofs of loss would not avoid the policy, but that a fraudulent misrepresentation would avoid it.

SAME—ACTIONS—INSTRUCTIONS—REQUESTS. Upon an issue as to false statements in the proofs of loss in an action on a fire insurance policy, an instruction that the jury must find that plaintiff knowingly and wilfully swore that the articles were in the house and destroyed by fire, when he knew they were not, with intent to defraud, is more comprehensive than a request to instruct the jury that the value set opposite the articles was immaterial, and justifies the refusal of such request.

SAME—ACTIONS—AMOUNT OF RECOVERY—VERDICT—JUDGMENT. In an action upon a fire insurance policy, a verdict for the plaintiff for less than the amount of the policy does not entitle the plaintiff to

[1]Reported in 145 Pac. 199.

judgment for the full amount of the policy, where the value of the property was in issue under the general denial, and defendant claimed that a large part of the insured property had been removed and was not destroyed by the fire.

SAME—ACTIONS—VALUE OF PROPERTY—EVIDENCE—SUFFICIENCY. In an action upon a fire insurance policy, the jury is not compelled to take the plaintiff's estimate of the value of the property claimed to have been destroyed by the fire, where the case rested largely upon opinion evidence, the items in the proofs of loss showed the character of the articles, the date of purchase, the cost price, and the plaintiff's estimated present value; as the weight of the evidence was for the jury.

Appeal by plaintiff from a judgment of the superior court for Pierce county, Card, J., entered June 4, 1914, upon the verdict of a jury rendered in favor of the plaintiff for $3,000, in an action upon a fire insurance policy. Affirmed.

*Sachse & David (C. O. Bates,* of counsel), for appellant.

*Granger & Clarke,* for respondent.

GOSE, J.—This is an action to recover $6,000, the amount of a fire insurance policy. There was a verdict and judgment in favor of the plaintiff for $3,000, from which he has appealed.

On the 27th day of June, 1912, the respondent issued to the appellant a policy of insurance against loss by fire upon household furniture useful and ornamental, beds, bedding, linen, family wearing apparel, furs, plate, plated ware, printed books and music, piano, other musical instruments, portraits, pictures, paintings, tapestries, watches and jewelry, etc., then in the home of the appellant at Steilacoom in this state. On the 22d day of July following, the property was destroyed by fire. Proofs of loss were submitted and payment refused.

It is alleged in paragraph 4 of the complaint, that the personal property in the dwelling house "was totally destroyed by fire, and the plaintiff's loss on account of the destruction by fire at said time, of said personal property,

was and is the sum of six thousand and no-100 (6,000) dollars." The respondent in its answer denied "each and every allegation contained in paragraph 4 of said complaint." This is the form of general denial contemplated by the code, and put in issue the value of the property destroyed by the fire. Rem. & Bal. Code, § 264 (P. C. 81 § 235) ; *Peters v. McPherson,* 62 Wash. 496, 114 Pac. 188.

In its affirmative answer, the respondent alleges that the policy in litigation provides:

"This entire policy shall be void . . . in case of any fraud or fraudulent swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It is then alleged that the sworn proof of loss submitted by the appellant to the respondent was false and fraudulent, and was made for the purpose of deceiving the respondent and fraudulently obtaining from it the amount of insurance named in the policy. Upon the filing of the answer, the appellant moved the court to require the respondent to state in what respect the proof of loss was false and fraudulent. In response to the motion the court required the respondent to furnish the appellant a bill of particulars showing the items which it claimed were fraudulently included in the proof of loss. Thereupon the respondent filed a bill of particulars which states, "that with the exception of a few articles of furniture and a few books and a few kitchen utensils, the plaintiff swore falsely as to all of the items as set out in his proof of loss, in that said articles were not in the house at the time of the fire and were not destroyed by the fire." After the jury had been empaneled and sworn to try the cause, a colloquy occurred between court and counsel in respect to the issues, particularly with reference to the new matter pleaded in the affirmative defense. The discussion terminated in the following statements by respective counsel: Mr. Bates, for the appellant: "I think under the general issue we have to prove we sustained a loss to the amount of the policy,

which you dispute, but I want it distinctly understood that there is no charge against us that we made any false or fraudulent swearing when we fixed the charges of the particular items," to which Mr. Clarke, counsel for the respondent, answered: "That is correct. If that property was in there, I am not going to say that it was not worth that amount. I don't know. It is up to them to prove it was there."

Upon the record as we have disclosed it, the appellant insists that the question of the value of the property was eliminated, and that the issue was narrowed to one question, viz., that of fraudulent swearing in respect to the presence of the property in the house at the time of the fire. We do not so understand the record. It seems clear that it was the intention of counsel that the appellant should be required to prove the value of the property upon the general issue, and that the respondent would make no claim that the false and fraudulent swearing extended to the question of value, but it would limit the inquiry under that issue to the single question whether or not the appellant, wilfully and with the intention of defrauding the respondent, falsely swore that the property was in the house at the time of the fire.

The appellant invokes the rule that, "when both a general denial and specific denials are employed in an answer, the scope of the general denial is limited to the issues raised by the specific denials." 31 Cyc. 694. This is a sound rule of pleading and practice, but, as we read the record, it has no application here. The affirmative defense is not a specific denial. It sets forth a clause of the policy which, if wilfully violated, avoids the policy *in toto*, and then alleges that the proof of loss was in fact false and fraudulent, and that it was made for the purpose of fraudulently obtaining the amount of insurance named in the policy.

It is claimed that the court erred both in giving and refusing to give instructions. The court instructed the jury, after correctly instructing as to the burden of proof, that if they should believe from the evidence that the property cov-

ered by the policy was owned by the appellant at the time of the fire, that it was destroyed by the fire, and that the appellant did not wilfully make false statements in his proof of loss, "then the plaintiff is entitled to a verdict against the defendant for such sum as you find was the fair cash market value of said property destroyed." The criticism of this instruction is, as we understand it, that the question of value had been eliminated by stipulation. This question has already been disposed of.

The court instructed the jury that, if they found from the evidence that the appellant in his proof of loss which he submitted to the respondent wilfully made false and fraudulent statements for the purpose of deceiving it, there could be no recovery. The court was equally explicit in instructing the jury that, if they should find that some of the property mentioned in the proof of loss was not in the house at the time of the fire, such fact would not avoid the policy, unless they found further that the misrepresentation was made wilfully and with the intention of deceiving and defrauding the respondent. In short, the court instructed the jury that an innocent misrepresentation in the proofs of loss would not avoid the policy, but that a fraudulent misrepresentation therein would avoid it.

The appellant assigns error in the court's refusal to instruct the jury to the effect, that the value set opposite the various items in the proof of loss was immaterial "and cannot be considered by you on this affirmative defense." The court did instruct the jury that "you must find by a fair preponderance of the evidence that the plaintiff knowingly and wilfully in his proof of loss swore that certain articles were in the house and destroyed by fire, when as a matter of fact he knew they were not, with the intention thereby of defrauding the insurance company," in order to avoid the policy. We think the instruction given embraced all the material matter contained in the requested instruction. It was more

comprehensive in that it eliminated every element except that of fraudulent swearing in respect to the property that was in the house at the time of the fire.

It is earnestly contended that the court erred in denying the appellant's motion for a judgment for the full amount of the policy after the coming in of the verdict. The appellant and his wife swore that the property destroyed by fire was worth considerably more than $6,000. The respondent's testimony was directed to circumstances which it conceived tended to show that a large part of the property had been removed from the house before the fire and that the appellant had been guilty of false swearing. It is argued, and we think correctly, that the jury exonerated the appellant upon the charge of wilful false swearing. It does not follow, however, that the jury were compelled to accept the appellant's estimates of value. The appellant's testimony upon the question of value was nonexpert, opinion evidence. The value of opinion evidence necessarily depends upon the facts which form the basis of the opinion. These facts were before the jury. The itemized statement of the articles which the appellant claims to have lost in the fire and which were made a part of his proofs of loss covers twenty-seven typewritten pages. In the main, these items show the character of the article and the date of the purchase, and, in parallel columns, the cost price of the article and its estimated present value. Some of the articles were purchased in 1909, others in 1910, others in 1911, others in 1912. For illustration, one Morris chair was listed as having been purchased in 1909 for $35, and the present value was estimated at $35. The jury, having before them the character of the articles, the date of purchase, the purchase price, and the estimated present value, were not compelled to adopt the opinion of any witness as to the present value of the articles. They had before them all the facts, upon which the appellant's witnesses estimated the values, and they were at liberty to determine the value upon

all the evidence. The weight of the evidence was for the jury and not for this court. From the entire record, we think the judgment should be affirmed.

CROW, C. J., MORRIS, and PARKER, JJ., concur.