[No. 16262.    Department One.    March 15, 1921.]

WORLD FINANCE COMPANY, *Respondent*, v. WESTLAKE GARAGE COMPANY, INCORPORATED, *Appellant*.[1]

APPEAL (385)—REVIEW—ERROR INVITED BY APPELLANT. Defendant in an action of replevin cannot allege error in changing the form of the action to an equitable one and foreclosing the lien of a chattel mortgage, where defendant invited the error by setting up the chattel mortgage in his answer and prayed an adjudication of the amount due.

REPLEVIN .(13)—CONDITIONS PRECEDENT—DEMAND. Proof of a demand in replevin is not necessary where defendant denies plaintiff's title and claims ownership himself.

USURY (7, 17)—DISCOUNTS—EVIDENCE—SUFFICIENCY. A party purchasing a conditional bill of sale, intended as a mortgage, at a discount, and taking out a new bill of sale in its own name to more

¹Reported in 196 Pac. 586.

fully protect itself, is not thereby guilty of a fraud in exacting usurious interest on the sum it paid on discounting the original mortgage.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 18, 1920, upon findings in favor of the plaintiff, in an action of replevin, tried to the court on the merits. Affirmed.

*H. A. Martin,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MACKINTOSH, J.—Respondent began an action of replevin against the defendant and appellant to secure possession of an automobile, its claim to the property being based upon an instrument which, on its face, is, and was alleged to be, a conditional bill of sale. The appellant by answer alleged that the instrument is, in fact, a chattel mortgage, and had been entered into with one Crockett, a dummy, designated by the respondent, to whom Crockett had immediately assigned the contract, and that this method of handling the transaction was adopted for the purpose of attempting to cover up its usurious nature. By the terms of the contract, the appellant purported to agree to buy the automobile on semi-monthly payments, but the appellant alleged that, in fact, he was at the time the owner of the automobile, and that a loan had been secured from the respondent thereon in the sum of nine hundred and seventy-five dollars, to be paid back in semi-monthly installments of fifty dollars each, at ten per cent interest, and in addition there had been an interest charge of one hundred and twenty-seven dollars and fifty cents collected by the respondent at the time of making the loan, and that the officer of the respondent handling the transaction had compelled the appel-

lant to purchase fifty dollars, par value, of worthless corporation stock.

The answer alleged that the instrument is a chattel mortgage, and the court held to that effect and determined the amount due thereon and directed judgment for the respondent against the appellant in the amount found, together with costs and directed a foreclosure.

The main argument of the appellant is that this action, having been started as one of replevin, the court could not therein enter a decree of foreclosure of a chattel mortgage. Whatever may be the general rule upon this subject, the facts of this case justified the court in entering a decree of foreclosure, for the reason that the appellant by its answer set up that what appeared to be a conditional bill of sale was intended as a chattel mortgage, and in the prayer of its answer asked that the court adjudge the instrument to be a chattel mortgage, and that the amount due thereon be determined and that it be allowed the amount found due under the chattel mortgage as a credit on account of alleged damages claimed to have been sustained by reason of the usurious nature of the contract, further praying that the chattel mortgage be cancelled.

It may be true, as appellant contends, that, on a general denial of the allegations of the complaint, it would have been entitled to show that the purported conditional sale was, in fact, a chattel mortgage, but it went beyond that and invited the court to transform the action from one in replevin to an equitable one involving the foreclosure of a chattel mortgage; and it cannot now be allowed to say that the court was in error in accepting the invitation, and that the court, having been satisfied from the facts that the instrument was indeed a chattel mortgage, could not then

proceed to deal with it as such. We cannot say from an examination of the evidence that the court was in error in determining the facts in favor of the appellant's contention that the entire transaction amounted to the giving of a chattel mortgage.

The court found that the instrument had been purchased by the respondent and discounted in good faith, and that no usury or fraud had been practiced by the respondent. From an examination of the record, we are not inclined to disagree with these conclusions of the court.

Some question is raised that no demand had been made upon the respondent. But in a replevin action, where the defendant denies the plaintiff's title and claims ownership himself, the rule is that proof of demand is unnecessary. *Seattle National Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763. Furthermore, at the time the action was instituted, the testimony shows the appellant was not in possession of the property and demand upon it was therefore unnecessary.

The purported conditional sale contract was prepared at the suggestion of the respondent, but amounted only to a substitution for a contract which already existed between the appellant and Crockett; and the respondent, by asking for the execution of a new instrument which would more fully protect it in the event that it purchased such instrument, cannot thereby be held to have perpetrated a fraud upon the appellant. The court found that, as between the appellant and Crockett, the instrument was a mortgage, and that one of respondent's officers had such knowledge of the transaction as to give the respondent notice that the instrument was a chattel mortgage.

But the evidence further satisfied the court that, even if this was the condition, there was no showing

that Crockett had no interest in the security, or that his interest was less than that named in the instrument, and found that the respondent had purchased what amounted to a chattel mortgage at a price which was satisfactory to the parties thereto, and although this price was discounted from the face value of the mortgage, that there could be no claim of usury arising therefrom.

From the entire record, we are satisfied that the trial court arrived at the proper conclusion, and his judgment is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.