STATE OF NEVADA, Appellant, *v.* PERRY
G. MEANS, Respondent.

No. 3857

December 21, 1955.                    291 P.2d 909.

*Harvey Dickerson,* Attorney General, *William N. Dunseath* and *D. W. Priest,* Deputy Attorneys General, for Appellant.

*Harry D. Anderson* and *Robert E. Berry,* of Reno, for Respondent.

**OPINION**

By the Court, BADT, J.:

This appeal presents the question as to whether the trial court erred in entering a judgment for plaintiff on the pleadings. The action was pending before the effective date of the Nevada Rules of Civil Procedure and, in view of the conclusions we have reached, we need not consider the applicability of Rule 86 N.R.C.P. to the effect that they shall govern further proceedings in pending actions except when not feasible or when they would work injustice. The state's appeal is also from an order denying its motion for new trial, in which the same points are raised. We refer to the parties as they appeared in the court below.

In April, 1949, plaintiff, respondent here, was employed by the state, under the terms of a written contract, as architect to design and supervise the construction of the Nevada state office building in Carson City and, having performed this service, was paid the contract price of $19,100. He thereafter presented his claim for extra compensation for extra services, and upon rejection thereof commenced this action. The first count of

his complaint alleged an indebtedness of $5,242.88 for extra services in connection with a number of change orders made during construction. A second count, alleging an indebtedness of $27,940.88, in addition to the money theretofore paid, for his services in connection with the entire employment, was disposed of by a summary judgment for defendant and is not involved in this appeal.

At the trial, upon the conclusion of presentation of plaintiff's case and after the ordering of summary judgment for defendant on plaintiff's second count, defendant called its first witness, at which point plaintiff objected to presentation of any evidence by the defendant in connection with plaintiff's first cause of action on the ground that defendant's answer was an admission of the allegation that $5,242.88 was due plaintiff for his services.

Paragraph V of the complaint alleged:

"That the total amount now due to plaintiff from the State of Nevada for extra services in connection with the above mentioned contracts is as follows:

"In connection with Change Orders, as
    hereinbefore alleged ............................ $3,242.88
"For extra supervision, as herein-
    before alleged ............................................ 2,000.00

"Total sum due plaintiff ................................ $5,242.88"

Paragraph V of the answer is as follows: "Answering paragraph V of plaintiff's first cause of action, defendant denies all and singular the allegations therein contained."

The court sustained the objection to the introduction of evidence by the defendant and thereupon granted plaintiff's motion for judgment on the pleadings in the sum of $5,242.87, basing his ruling upon "the recognized rule of pleading under the codes, the time this answer was filed * * * that the denial of the general sum without further limitation is an admission of any lesser sum."

(1) In this we feel that the court was in error. As future cases will undoubtedly be tried under N.R.C.P., which became effective January 1, 1953, and there is little chance that this opinion may serve as precedent for future cases, a brief disposition of the matter should suffice. This court has indeed recognized that in the typical and classic examples a "negative pregnant" may exist which constitutes a substantial admission. See Blackie v. Cooney, 8 Nev. 41; Carlyon v. Lannan, 4 Nev. 156; Peardon v. Peardon, 65 Nev. 717, 763, 201 P.2d 309, 332. Here, however, defendant denies all and singular the allegations contained in the paragraph. Sections 9412 and 8602, N.C.L. 1929, we think, recognize that this is sufficient to put all of the allegations of the paragraph in issue. If the plaintiff's allegation is to the effect that there is due him not only the sum of $5,242.88 but also, impliedly, every part of said sum up to and including $5,242.87, the denial, by the same token, traverses such implied allegation as well as the express allegation. Peters v. McPherson, 62 Wash. 496, 114 P. 188. Although defendant seeks to distinguish this case (because he feels that the court was confused in treating as a general denial, a specific denial couched in general terms), he recognizes that a negative pregnant cannot be found in a general denial. 41 Am.Jur. 429, Pleading, sec. 196. We may note in passing that respondent in moving for a judgment on the pleadings insisted that paragraph V of the answer was a general denial and the learned district judge agreed that it was a general denial. Whether or not we agree with such conception, the reasons for the rule expressed in Peters v. McPherson, supra, would seem to apply with equal force to the denial couched in the language found in paragraph V in the answer. We are accordingly bound to conclude that paragraph V of the answer put in issue all of the express and implied allegations contained in paragraph V of the complaint.

(2) In close connection with the determination as to

whether allegations are placed squarely in issue by an effective denial is the consideration of the denial's ambiguity, its evasiveness, its misleading characteristics, by reason whereof the plaintiff has been misled. Where such does not appear, courts are not disposed to regard the objection favorably. 71 C.J.S. Pleading, sec. 151, 320, and cases cited; anno. Ann.Cas. 1917, 668, 674. That the plaintiff could not have been misled in the present instance is apparent.Paragraph VII of the complaint alleged plaintiff's presentation of his claim, as required by law, to the state board of examiners, that such board had rejected the same and that the whole amount of the claim remained due and unpaid. Paragraph VII of the answer admitted the presentation of the claim and the disallowance thereof, but "denies that the sums, all as alleged in plaintiff's complaint, *or any sums,* are due and owing by the defendant to the plaintiff." Emphasis supplied. It took two days to try the case. Four witnesses were examined at length and the transcript of the testimony and the proceedings up to the time of the presentation of plaintiff's motion comprises some 108 pages, some 32,000 words. Plaintiff insisted that his cause of action was on quantum meruit. The court analyzed the situation by declaring: "During the course of the construction it is alleged that [plaintiff] performed certain extra and additional services in connection with twenty-four change orders. That is denied." Plaintiff asked defendant to stipulate for the admission in evidence of eleven change orders and this was done. Plaintiff then testified to the custom of the architect's profession that the architect receive additional compensation for such changes ordered by the owner and for his services actually performed thereunder. By other witnesses plaintiff developed his claim to additional compensation growing out of the change orders in addition to the specific sums provided in his original contract and an addendum thereto. In objections to the introduction of evidence defendant

insisted: "We are dealing here with the architect's contract and what he is entitled to under his contract."

The chairman of the state planning board, called by plaintiff as an adverse witness, testified that the aggregate figure of $19,100, payable to plaintiff under the two contracts, was to be in payment of his entire services.

Thus plaintiff put on his case for two days and then for the first time discovered, or for the first time decided to advance, the point that defendant's answer constituted a negative pregnant and that plaintiff was entitled to his entire demand, less one cent, on his first cause of action, without presenting any evidence at all. All reasons for application of the negative pregnant rule failed.

The judgment on the pleadings and the order denying defendant's motion for new trial must be reversed with costs to appellant, and it is so ordered. The cause is remanded with directions to the lower court to overrule plaintiff's general objection to the introduction of any evidence by defendant and to deny plaintiff's motion for judgment on the pleadings in his favor and against the defendant on plaintiff's first cause of action, and for further proceedings.

MERRILL, C. J., and EATHER, J., concur.