[No. 17003. Department One. June 22, 1922.]

# T. L. McNeff et al., Appellants, v. Alcide Capistran et al., Respondents.[1]

Jury (4, 5)—Right to Jury Trial—Advisory Verdict. Error cannot be assigned on granting a jury trial where it was treated as advisory only, and the verdict adopted.

Trial (150)—Findings of Fact—Necessity. Upon dismissing an action of equitable cognizance, it is not necessary to make findings of fact and conclusions of law.

Appeal (413)—Review—Verdict. Findings upon conflicting evidence, depending upon the weight to be given and the credibility of witnesses appearing before the trial judge, will not be disturbed where the court is unable to conclude they should be overruled.

Arbitration and Award (3)—Agreement to Arbitrate—Tender—Condition Precedent to Action—Waiver. Under a contract for the sale of hops, providing that, in case of a difference of opinion as to the quality, each party shall have the privilege of submitting the differences to arbitration, it is not a condition precedent to action that a tender of arbitration be made; and the privilege is waived where issue was joined without demanding arbitration.

Same (3)—Demand for Arbitration—Service. An attorney, representing the sellers of hops in a dispute as to the quality, was not so far their general agent as to make service upon him of a demand for arbitration service upon the defendants.

Sales (137)—Breach of Contract—Remedies of Seller—Action for Price—Judgment. The refusal of the buyer of hops to receive and pay for the goods does not justify relief to the seller for the purchase price, unless it appears that the hops are being held for the buyer and where he can obtain possession.

Pleading (53, 95-1)—General Denial—Matters Available. A general denial under the code is the equivalent of the general issue at common law, and puts in issue the direct averments and those implied therefrom.

Appeal (488)—Decision—Remand. Under Rem. Comp. Stat., § 1737, empowering the supreme court to direct the proper judgment to be entered, the case must be remanded where there is insufficient evidence on which to base an order for a proper judgment.

[1]Reported in 208 Pac. 41.

Appeal from a judgment of the superior court for Yakima county, Davidson, J., entered July 7, 1921, in favor of the defendants, in an action to foreclose a chattel mortgage, tried to the court and a jury. Reversed.

*Rigg & Venables* (*Benjamin Grosscup*, of counsel), for appellants.

*H. J. Snively* and *I. J. Bounds*, for respondents.

FULLERTON, J.—The appellants, McNeff, are engaged in the business of buying and selling hops. The respondents, Capistran, are hop growers. On May 20, 1921, the parties entered into a written contract, wherein the appellants agreed to buy of the respondents, and the respondents agreed to sell to the appellants, at seventy-five cents per pound, six thousand pounds of the hops to be grown by them on a certain described tract of land during the year named. The contract provided that the hops should be "of prime quality, i. e., of sound condition, good and even color, fully matured, but not over-ripe, flaky, cleanly picked, properly dried and cured, and free from sweepings and other foreign matter, and not affected by spraying or vermin damage." It was provided that the hops should be baled by the seller in new twenty-four ounce baling cloth, each bale to weigh between one hundred and eighty-five pounds and two hundred and ten pounds gross; that the buyers should have the privilege of inspecting the hops before delivery, and if, in their judgment, the hops were inferior in quality to the quality provided in the contract, they should have the privilege of buying any or all of them at a reduced price, to be determined in a prescribed manner; and that the hops should be delivered to the buyers on board cars or in a warehouse at Moxee City,

Yakima county, Washington, as the buyers should elect. The contract provided for certain advancements to be made by the buyers to the sellers, and contained a mortgage clause wherein the buyers were given a lien upon the hops to the extent of the advancements made.

After the hops were gathered and baled, they were inspected by the appellants and claimed by them to be inferior to the quality provided for in the contract. The respondents, on the other hand, claimed the hops to be of the required quality. During the growing period of the hops, the appellants advanced, pursuant to the terms of. the contract, to the respondents' use the sum of nine hundred and one dollars.

In this action the appellants sought to recover the sum advanced, and have the same declared to be a lien on the hops; also, to have the lien foreclosed and the hops sold in satisfaction of the lien. Possession of the hops was not sought by the appellants nor obtained during the pendency of the action. To the complaint, which contained allegations appropriate to the relief sought, the respondents interposed an answer, which, after certain denials, affirmatively set forth the operative provisions of the contract and alleged that the respondents had performed all of the conditions of the contract. They further alleged that there was grown upon their premises two thousand nine hundred and seventy-five pounds of hops and no more, demanding judgment for the contract price of the hops, less the sums advanced by the appellants. The allegations in the answer as to due performance of the contract on the part of the respondents, and as to the quantity of hops grown, were put in issue by a reply.

When the cause was called for fixing a time of trial, the respondents demanded a trial by jury. This the

court granted over the objection of the defendant, announcing, however, that it would regard the verdict of the jury as advisory only. When the case was called for trial, the appellants again objected to a jury trial, and the objection was again overruled. The cause was thereupon submitted to the jury on the single question whether the quality of the hops complied with the requirements of the contract. The jury found that they did so comply, and on the verdict, without hearing further evidence, the court entered a decree in which it recited the verdict of the jury; recited that the respondents had grown, under the terms of the contract, two thousand nine hundred and seventy-five pounds of hops; that they had been tendered to the appellants; that the appellants had advanced to the respondents' use the sum of nine hundred and one dollars; that there was a balance due the respondents of one thousand three hundred thirty dollars and twenty-five cents; that the contract had been in all respects complied with by the respondents, and decreed that the mortgage clause of the contract be cancelled, and adjudged that the respondents have and recover of and from the appellants the amount of the balance so found to be due.

In this court the appellants first assign error on the order of the court granting a jury trial. But this was within the discretion of the court. As we read the record, the court regarded and treated the verdict as advisory only, adopting it as a correct conclusion on the issue submitted. True, the court made no separate findings of fact or conclusions of law, but this is unnecessary in an action of equitable cognizance. *Wintermute v. Carner,* 8 Wash. 585, 36 Pac. 490; *Dunlap v. Seattle National Bank,* 93 Wash. 568, 161 Pac. 364.

The next contention is that the finding that the quality of the hops complied with the requirement of the contract is contrary to the preponderance of the evidence. On this question there was a decided conflict in the evidence; about an equal number of witnesses testifying for each side. It may be that the witnesses testifying for the appellants showed a more extended experience in matters relating to hop culture and cure than did the witnesses testifying for the respondents, but we are unable to conclude that this fact would justify us in overruling both the conclusion of the jury and the conclusion of the trial court on the question. We have said so often as to make the expression almost trite, that the trier of fact who has the privilege of observing witnesses when testifying, has an advantage over a trier who does not have such privilege in ascertaining the weight and credibility of conflicting testimony, yet it is, nevertheless, a consideration always present when a court of review is called upon to find error in the conclusion of the primary trier of the fact, and is a consideration to which it must always give heed.

The contract contained the following provision:

"If at any time a difference of opinion shall exist between the parties hereto regarding the quality or condition of any of the hops tendered by the said seller in fulfillment of this agreement, each party shall have the privilege of selecting an arbitrator to whom the question as to the quality of the hops shall be submitted, and in case of disagreement a third arbitrator shall be called by the two others chosen and the decision of the third shall be final."

After the differences arose between the parties as to the quality of the hops, the respondents employed an attorney to represent them in negotiations looking to a settlement of the differences. The negotiations failed, whereupon the appellants served upon the at-

torney a written demand for an arbitration, pursuant
to the quoted clause of the contract. The respondents
took no action with reference to the demand, and soon
thereafter the present action was instituted. The
appellants argue that a tender of an arbitration was,
by the terms of the contract, a condition precedent to
the right of either party to maintain an action on
the contract growing out of a difference between the
parties as to the quality of the hops, and that, since the
respondents neither tendered arbitration nor accepted
the tender made by the appellants, their rights in the
present action were to defend against the appellants'
cause of action, not to have affirmative relief against
them, and that the court committed error in granting
them affirmative relief. But we think the contention
untenable as applied to the facts here disclosed. It
will be observed that the contract contains no absolute
condition that differences over the quality of the hops
shall be submitted to arbitration. It provides that,
should a difference of opinion exist between the parties
as to the quality or condition of the hops, "each party
shall have the privilege" of submitting the differences
to arbitration, not that the differences shall be arbi-
trated. It is not, therefore, a condition precedent to
the maintenance of an action on the contract that a
tender of arbitration be first made. Either party may
commence such an action, and if the other party ap-
pears and joins in the issue tendered and tenders issues
on his own behalf without demanding an arbitration,
the privilege will be deemed waived and the court may
proceed to a final determination of the rights of the
parties. It may be that the one party could put the
other in default by making a proper demand for an ar-
bitration. But we cannot find that the appellants did
so in this instance. The demand should have been
served upon the respondents personally. The at-

torney, representing them only for the particular purpose, was not so far their general agent or representative as to make service upon him of a demand to arbitrate a service upon the respondents. The appellants, therefore, by commencing an action without a proper tender, waived the arbitration clause of the contract, and cannot successfully assert that the respondents have not the same rights in the courts which they demand for themselves.

The further contention is that the record does not justify the judgment entered by the court. As we have stated, the evidence introduced at the trial was directed solely to the issue whether the hops grown were of the quality provided for by the terms of the contract. No evidence as to quantity of hops grown was admitted or offered, nor was there any evidence that the respondents had stored the property or were themselves retaining it for the benefit of or as the property of the appellants. The conclusions of the court upon these questions must find their support in the allegations and admissions of the pleadings. In the complaint it is alleged in substance that, pursuant to the contract, the respondents raised and grew on the described premises fifteen bales of hops ''which are now in their possession,'' and that, after the hops were dried and baled, they tendered them to the appellants, but that the appellants refused to accept them, or any part of them, on the ground and for the reason that the hops were not of the quality provided for in the contract, but were of a much inferior quality. The respondents, in their answer, denied that the hops were not of quality prescribed by the contract, and affirmatively alleged that they were of the quality so provided, and further alleged that the hops grown and tendered weighed two thousand nine hundred and seventy-five pounds. These affirmative allegations

were sought to be put in issue by a general denial. The particular contention of the appellant is that the uncontroverted allegations of the pleadings do not justify the judgment entered, namely, a judgment for the purchase price of the hops, less the advancements made by the appellants.

In the early case of *Dunstan v. McAndrew,* 44 N. Y. 72, it was held that a vendor in an executory contract for the sale of personal property (in that case hops), where the vendee refuses to take or pay for the property, has a choice of remedies; first, he may store or retain the property for the use of the vendee and recover the entire contract price; second, he may sell the property, acting as agent of the vendee for the purpose, and recover the difference between the contract price and the price obtained upon the sale; or, third, he may keep the property as his own and recover the difference between the market price of the property at the time and place of delivery and the contract price. The case has been cited many times since its announcement, and it is possible that the rule there laid down is the rule in the majority of jurisdictions (see note to *Todd v. Gamble,* 148 N. Y. 382, 42 N. E. 982, 522 L. R. A. 225; 24 R. C. L. 86, § 352), although there is a respectable line of authority which holds that the first of the cited rules is applicable only to executed contracts. (*Acme Food Co. v. Older,* 64 W. Va. 255, 61 S. E. 235, 17 L. R. A. (N. S.) 807, and note.) But assuming that the first line of cases state the applicable rule, we are unable to conclude that the record brings the respondents within it. The allegation and the admission taken together is that there was a tender of the hops which the appellants refused, and that the respondents now have them in possession. There is nothing to show that the respondents are

holding them for the appellants' use, nor anything to show that the appellants can obtain possession of them. The situation is therefore this: the respondents have the money advanced on the contract; they have the hops; they have a cancellation of the appellants' mortgage; and, in addition, have a judgment against the appellants. for the contract price of the hops, less the advancements. In fine, they have both the goods and the purchase price. Clearly, the mere breach of the contract to receive and pay for the property did not justify this form of judgment.

There was, moreover, an issue as to the quantity of the hops, with no evidence upon the issue. It may be that the court concluded that the form of the reply did not put this allegation of the answer in issue; that the general denial of the allegation as to the quantity of the hops was a denial in manner and form, a negative pregnant, and did not raise an issue. But if this was the ground of the conclusion, the court was in error. A general denial, under the code, is the equivalent of the general issue at common law, and puts in issue not only the direct averments of the pleading, but those that are implied from such direct averments as well. *Peters v. McPherson,* 62 Wash. 496, 114 Pac. 188.

The evidence was also wanting in other particulars. There was no evidence that the hops were baled in accordance with the requirements of the contract— that is to say, that they were baled in a new twenty-four ounce baling cloth, or that the bales weighed between one hundred and eighty-five pounds and two hundred and ten pounds, and the court seemingly made no deduction for tare as provided by the contract.

Since there must be a reversal, it remains to inquire what disposition of the case this court shall direct.

By § 1737, Rem. Comp. Stat., this court is empowered on an appeal to affirm, reverse, or modify the judgment appealed from, or direct the proper judgment to be entered, or direct a new trial, or direct the further proceedings to be had. As the evidence is insufficient on which to base an order for a proper judgment, there is no recourse other than to remand the cause for further hearing. Since the question as to the quality of the hops was fully tried out, there is no need of a further trial on that issue. We think, however, that the respondents should not now be allowed to place the hops at the disposal of the appellants and recover for the contract price; that their measure of damages should be the difference between the contract price and the market value of the hops at the time and place of delivery. The cause is therefore reversed and remanded with instructions to try out the issue stated, and to enter a judgment accordingly.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.