[No. 17335. Department One. November 24, 1922.]

## W. E. DOOLEY & COMPANY, *Respondent,* v. SEATTLE ELECTRICAL SUPPLY COMPANY, INCORPORATED, *Appellant.*[1]

SALES (126)—ACTIONS FOR PRICE—CONDITIONS PRECEDENT. Delivery or tender of goods is not a condition precedent to an action for the price of goods sold for cash on delivery f. o. b. freight depot, where the seller offered to deliver them and the buyer refused to accept the same.

SAME (125, 127) — ACTION FOR PRICE — PERSONS ENTITLED — DEFENSES—SEGREGATION OF GOODS. The seller of goods which the buyer refuses to receive may segregate and store them in a warehouse for the buyer and sue to recover the price.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 1, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for appellant.

*Van Dyke & Thomas,* for respondent.

HOLCOMB, J.—This is an action for the purchase price of twenty washing machines. On February 28, 1921, the parties made and entered into a written contract containing, in substance, the following provisions which are material to the case:

(1) Respondent gave to appellant the exclusive right from March 1, 1921, to February 28, 1922, to sell Woodrow washing machines in Seattle.

(2) Appellant agreed not to establish sub-agencies to sell Woodrow washing machines during the contract period without the consent and approval of respondent.

[1]Reported in 210 Pac. 668.

(3) Appellant covenanted and agreed to purchase and pay for not less than two hundred fifty of the machines during the contract period.

(4) Respondent agreed to supply appellant with the washing machines in carload lots, at respondent's regular dealers' prices, less ten per cent, f. o. b. freight depot, Seattle, terms therefor to be cash on delivery, and a further discount of two per cent to be given appellants upon payment being made.

The contract was set out in full in the complaint, and respondent further alleged that, pursuant to the contract, on March 4, 1921, appellant ordered from respondent twenty-five No. 2, and five No. 4 washing machines; that, for the No. 2 washers, it was to pay respondent $101.50 per machine, less ten per cent and two per cent off; and for the No. 4 washers it was to pay $106.50 each, less ten per cent and two per cent off; that the terms of sale were to be cash on delivery, f. o. b. freight depot, Seattle, and the washers were to be delivered as soon as car arrived; that delivery was accepted of eight No. 2 and two No. 4 washers; that the remainder of the No. 2 washers, seventeen in all, for which respondent was to receive under the contract the sum of $1,552.95, and for the No. 4 washers, three in all, was to receive $287.55, aggregating the sum of $1,840.50, which, after the deduction of the discount of two per cent off, left a balance due respondent from appellant of $1,803.70, for which sum it prayed judgment. The complaint further alleged that respondent ordered washers from the manufacturer during the months of April, May and June, 1921, and offered to deliver to appellant, and ever since has been ready, able and willing to do so, but delivery was refused by appellant; that the washers have ever since been held by respondent for appellant under the agreement, and

that no part of the purchase price therefor has been paid.

By its answer, appellant denied the execution of the contract, and also denied all of the foregoing allegations of the complaint, and especially denied that it was indebted to respondent in any sum whatever. It was also set forth that it did not at any time enter into an agreement in writing with respondent obligating it to purchase washing machines from it. At the trial, the answer was amended so as to show affirmatively that respondent was selling to other people at different regular dealers' prices than it was selling to appellant.

At the trial, the execution of the contract was not denied by appellant, and it was admitted in evidence without objection.

Upon sufficient competent evidence the court found in favor of respondent, sustaining each and every allegation of the complaint, and rendered judgment in favor of respondent for seventeen No. 2 Woodrow washing machines, in the total sum of $1,552.95, and for three No. 4 Woodrow washers in the sum of $287.55, aggregating the sum of $1,840.50, which, after deducting the discount agreed upon, left the sum of $1,803.70 as the amount of the judgment. It was found as a fact, and the evidence is sufficient to sustain the same, that respondent had offered to deliver the twenty washing machines involved herein to appellant, and has ever since been ready, able and willing to do so, but that appellant had refused to accept the same, and that respondent is holding and has set aside the washers mentioned for appellant, under the agreement, and that they are now stored in a certain warehouse in Seattle, Washington.

The only error urged by appellant is that the court erred in not entering judgment of dismissal.

In support of its assignment appellant argues that there was no tender and no segregation of the washers, the price of which, under the contract, is sued for, and that the contract was void as being within the statute of frauds; that, from its very nature, it was not capable of performance within one year, and one of the essential eleménts of the contract, the price, was left for determination in the future by the seller. Authorities are cited to the effect that where upon an executory sale delivery or tender was necessary.

Such authorities do not apply here for the reason that the delivery was stipulated by the contract to be f. o. b. freight depot, Seattle, and actual delivery was refused by appellant, as found by the court.

It is contended, also, that there was no segregation of the twenty machines involved, and that the machines were never set aside for the benefit of appellant, but were appropriated by respondent and sold in the ordinary course of business.

The complaint alleged, and the court found as a fact, and it is an established fact, that respondent is holding and has set aside the twenty washers in question for appellant under the agreement, and that they are now stored in the warehouse of Winn & Russell, Seattle, Washington. The recent case cited by appellant of *McNeff v. Capistran,* 120 Wash. 498, 208 Pac. 41, as supporting its contention as to the segregation of the goods sold, is not applicable. In that case it was stated:

"There is nothing to show that the respondents are holding them for the appellants' use, nor anything to show that the appellants can obtain possession of them."

The exact opposite is the fact in this case. The general rule is well stated in the notes to 51 L. R. A.

(N. S.) 747, under the title "Refusal of buyer to accept property when tendered," as follows:

"By the weight of authority, however, it is held that where the purchaser of goods by executory contract refuses to accept goods which comply with the contract, where tendered to him, according to the terms thereof, the seller may treat the goods as the property of the purchaser, retain them in some safe and convenient place for him, and sue and recover the purchase price."

That is exactly what has been done in this case, and appellant, being held liable to pay for the twenty washers, is entitled to go to the place of storage and obtain them. They belong to it.

The judgment is right and is affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.