[No. 24451. Department One. April 11, 1934.]

CLARK COUNTY AGRICULTURAL CREDIT CORPORATION OF WASHOUGAL, *Respondent,* v. ORDIN A. HIIM *et al., Appellants.*[1]

[1]Reported in 31 P. (2d) 905.

*John Wilkinson, Everal Carson,* and *F. Reed Mc-Bride,* for appellants.

*R. C. Sugg,* for respondent.

MILLARD, J.—Alleging that, as its secretary, Ordin A. Hiim received chattel mortgage payments which he converted to his own use, plaintiff mortgagee commenced an action against its employee and the latter's surety to recover the amount misappropriated. Answering jointly, the defendants pleaded the general issue. Trial of the cause to the court resulted in judgment in favor of the plaintiff on two of its three causes of action. Defendants have appealed.

Respondent, a domestic corporation, was engaged in the business of lending money upon the security of cattle and other farm chattels. Ordin A. Hiim was secretary and manager of respondent corporation from the time of its organization until his resignation August 11, 1931. As surety on the bond of Hiim, the American Surety Company, a foreign corporation doing business in this state, bound itself to pay to Hiim's employer, the respondent,

" . . . such pecuniary loss as the latter shall have sustained of money or other personal property . . . by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misappropriation, directly or though connivance with others,"

on the part of Hiim.

On January 3, 1931, Fred Bethea borrowed from respondent eight thousand dollars, payment of which was secured by chattel mortgage, executed by the borrower and delivered to the respondent lender, upon two hundred cattle "now owned and in the possession of the mortgagor" on a ranch in Clark county. From time to time, cattle of that herd were sold by Bethea, who

turned over the proceeds of such sales to respondent's secretary, who converted the same to his own use instead of applying same to the payment of the mortgage. On this, its first cause of action, respondent was awarded recovery of the amount misappropriated.

On June 11, 1931, P. P. Louisgnont borrowed four hundred dollars from the respondent. As evidence of the loan, Louisgnont delivered to respondent his promissory note for the amount borrowed, payment of which was secured by chattel mortgage, executed by Louisgnont and delivered to the lender, on nine of Louisgnont's own cattle and four cattle purchased by Louisgnont from the herd covered by the mortgage from Bethea to respondent. All but twenty-five dollars of this loan was converted by Hiim, and for the amount converted the respondent was awarded, on its second cause of action, recovery against appellants.

It is the position of appellants that all of the cattle covered by the Bethea mortgage were, in fact, owned by Hiim, respondent's secretary; that the money received by Bethea from the sale of a part of the mortgaged herd was not paid to Hiim as respondent's secretary, but was turned over to Hiim as owner of the cattle; and that the money was utilized by Hiim to purchase other cattle which replaced the ones sold from the mortgaged herd; therefore, respondent's security was not depleted, and respondent has failed to show it has sustained any damage entitling it to recovery against Hiim or his surety.

It may be true that Hiim owned all of the cattle in question and that he used Bethea as a dummy mortgagor to obtain a loan from respondent; and that the money from the sale of a portion of the mortgaged herd was received by Hiim as owner of the cattle and used by Hiim to purchase other cattle to replace the ones sold. The trial court correctly refused, on objection

of respondent, to receive such testimony. The substance of the allegations of the complaint is recited in the forepart of this opinion. The appellants in their answer made a general denial.

■ New matter must be pleaded affirmatively. An affirmative defense which is required to be specially pleaded may not be made under a general denial. The statute provides that

"The answer of the defendant must contain,

"(1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;

"(2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition." Rem. Rev. Stat., § 264.

A general denial, under the code, is the equivalent of the general issue at the common law. *McNeff v. Capistran,* 120 Wash. 498, 208 Pac. 41. The rule is well established that the general denial puts in issue every fact included within the allegations of the complaint which the plaintiff is bound to prove in order to recover. Any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial. 21 R. C. L., p. 566. Under the statute (Rem. Rev. Stat., § 264), new matter must be pleaded affirmatively.

"New matter in defense is that which, under the rules of evidence, the defendant must affirmatively establish; and so it is a general rule that new matter must be pleaded affirmatively." 21 R. C. L., p. 567.

■ Assuming the absence of the rule which requires the pleading of affirmative defenses, appellants will not be heard to say that the cattle were, in fact, owned by Hiim, who was a fiduciary officer and em-

ployee of the respondent. This employee made a loan of his employer's money to Bethea. He accepted the Bethea mortgage for his employer. He represented to his employer, and the mortgage so recites, that Bethea was the sole owner of the cattle. He permitted Bethea to sell some of the mortgaged cattle, and he accepted the proceeds of such sales with the understanding that the money would be used in payment of the chattel mortgage. That money was diverted by Hiim to his own use—none of it was turned over to Hiim's employer, the one entitled thereto. Neither Hiim nor his surety is in a position to say that Hiim did not receive the money as agent for the respondent. Hiim was acting in a fiduciary capacity, and his misappropriation of the money turned over to him by Bethea, money which he knew belonged to respondent, makes Hiim responsible therefor. So, too, the language of the bond clearly establishes the liability of the surety for the loss sustained by respondent by reason of Hiim's act of fraud.

Appellants contend that respondent can not recover at this time, in view of the fact that the extent, if any, of the loss which respondent may sustain by reason of the sale of the mortgaged cattle has not yet been determined. In so far as respondent is concerned, its recovery is limited to the amount of money received for it by Hiim, who failed to account for same. Respondent may not be required to await the sale of the remainder of the herd to ascertain whether there will be sufficient to pay the balance due on the note, which matured more than two years ago. Several parties claim an interest in the herd—a situation created by Hiim and Bethea by reason of their deals with respect to the herd subsequent to the mortgaging of the herd to respondent—and the respondent should not be required to await the termination of litigation between

itself and others claiming liens against the cattle before it could establish liability against Hiim and his surety.

The bond was given to cover just such a situation as the one presented by the facts in the case at bar—failure of an employee to account for funds coming into his possession which actually belonged to the employer. The surety company will be entitled to establish its claim against Hiim or Bethea, if they have any interest in the cattle in question, in such amount as the surety company is required to pay in this action.

■ Appellants insist that the award on the second cause of action was erroneous, as there was no assignment to respondent of Louisgnont's cause of action, and the respondent did not prove that it was damaged by the transaction.

Respondent's loan to Louisgnont was secured by a chattel mortgage covering nine cattle owned by Louisgnont and four cattle bought on contract by Louisgnont from the herd covered by the mortgage from Bethea to the respondent. Respondent's check for four hundred dollars was made payable to Louisgnont. Without the consent of the payee, Hiim indorsed Louisgnont's name on the back of the check and placed the proceeds in his (Hiim's) private account, apparently for the payment to him for the four cattle purchased from the mortgaged herd of Bethea or Hiim.

Under his contract with Bethea for the purchase of the four cattle, Louisgnont had the right to return them if not as represented. The four cattle were returned to Bethea. Louisgnont does not now have the cattle. Respondent holds his secured note. Respondent will have to cancel the note and satisfy the mortgage it holds on Louisgnont's cattle. The respondent parted with four hundred dollars which Hiim diverted into his personal account, and respondent will be unable to collect from Louisgnont. The trial court cor-

rectly decided that respondent was entitled to judgment against Hiim and his surety on the second cause of action.

The judgment is right, and it is therefore affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.

[1]Reported in 31 P. (2d) 903.