[No. 31643. Department One. August 24, 1951.]

HELEN SINKO, *Appellant*, v. THORA SINKO, *Respondent*.[1]

*Fred M. Bond*, for appellant.

*Russell F. Stark*, for respondent.

BEALS, J.—April 29, 1950, plaintiff, Helen Sinko, verified her complaint in this action against Walter Sinko (her

[1] Reported in 234 P. (2d) 1085.

brother) and Thora Sinko, his wife, alleging that, January 31, 1949, the defendant Walter Sinko, for a valuable consideration, executed and delivered to plaintiff his promissory note in the sum of fifteen hundred dollars, bearing interest at the rate of six per cent per annum, payable in monthly installments of sixty dollars, together with all interest then due. Plaintiff further alleged that defendants had made payments upon the note, and that a balance of eleven hundred eighty-five dollars, plus interest, was due thereon, for which she demanded judgment. Plaintiff also demanded judgment for one hundred fifty dollars as an attorney's fee in the action.

In the title of the complaint, defendants are described as husband and wife, but the complaint contains no allegation that the defendants stood in that relationship when the complaint was verified. The complaint does allege that "the consideration for said note accrued to the benefit of the marital community of the defendants and that the said Walter Sinko signed the note as manager of the community of the defendants."

Defendant Thora Sinko filed her answer denying all of the allegations of the complaint and praying that the action be dismissed with costs. August 7, 1950, an order of default was entered against defendant Walter Sinko, he having been personally served with summons in the action and having failed to appear.

The cause was tried to the court, sitting without a jury. Plaintiff Helen Sinko was the only witness who testified, and, after plaintiff had rested her case, the trial court granted defendant Thora Sinko's motion to dismiss the action. From the order of dismissal, plaintiff has appealed, making the following assignment of errors:

"The trial court erred:

"(1) In receiving evidence over the objection of the plaintiff that there was no consideration for said note.

"(2) In receiving evidence over the objection of the plaintiff that said note was not given for a marital obligation.

"(3) In entering judgment in favor of said defendant Thora Sinko.

"(4) In refusing to sign and enter Findings of Fact, Conclusions of Law and Judgment as proposed by plaintiff.

"(5) In refusing to enter judgment against the defendant Walter Sinko for the sum of said note with Attorney Fees and costs.

"(6) In refusing to enter judgment against the community of Walter Sinko and his wife Thora Sinko."

Appellant testified that, January 31, 1949, the date of the note, her brother, Walter Sinko, and respondent Thora Sinko were husband and wife. She did not testify that at the time her brother signed the note in suit she gave any consideration therefor.

On cross-examination, appellant admitted that the note in suit was not executed on the date it bears, but was executed during the month of March, 1950, when respondent was contemplating or had instituted an action for divorce against her husband, Walter Sinko.

Appellant further testified, on cross-examination, that her mother had loaned Walter Sinko fifteen hundred dollars in January, 1949, and that another note had been executed in favor of appellant's mother in this amount, that note being in appellant's possession. Appellant also testified that the money loaned was in reality her money, and not her mother's. The witness further testified that there was only one loan made to Walter Sinko and respondent, that loan being in the amount of fifteen hundred dollars.

The trial court entered no findings of fact and conclusions of law, but, September 5, 1950, filed a memorandum opinion stating that, in January, 1949, a note had been executed by Walter Sinko "to his mother" and was still outstanding "in the hands of the original payee"; that, after respondent Thora Sinko had commenced divorce proceedings in March, 1950, the defendant Walter Sinko executed the note upon which appellant sued in this action, antedating the note to January 31, 1949; and that no new or any consideration existed for the execution of this note.

By her first and second assignments of error, appellant argues that, under the pleadings, the trial court erred in

permitting respondent's counsel, over appellant's objections, to cross-examine appellant as above set forth.

The record does not disclose whether, at the date of the trial, respondent and Walter Sinko had been divorced or were still husband and wife. Appellant testified only that they were husband and wife in January, 1949.

The trial court did not err in permitting the cross-examination of appellant as disclosed by the statement of facts.

Appellant admitted that the note sued upon was not executed on the day it bears date, but was signed more than a year thereafter. Appellant also admitted that there was another note outstanding and in her possession, signed by Walter Sinko and payable to their mother, which was executed in January, 1949.

The statement of facts discloses that appellant's counsel, in arguing the matter to the court, made this statement:

"This note belonged to the plaintiff; the mere fact that note [was] taken out and another given does not destroy the consideration of the note as far as that is concerned."

Appellant admitted that the note which was executed in favor of her mother was in her possession, but made no motion to amend her complaint in any manner, either by adding her mother as a party to the action or by bringing the earlier note before the court.

Appellant argues that the trial court erred in considering evidence "in behalf of" respondent which was not admissible under the issues raised by the pleadings.

Respondent offered no evidence, the court having dismissed the action upon appellant's evidence, after appellant had rested her case. The cause was decided upon appellant's evidence only, elicited on direct and cross-examination.

Appellant argues that, as respondent's answer consisted only of a general denial of the allegations of the complaint, testimony concerning lack of consideration for the note was inadmissible. Her counsel's objection to the cross-examination of appellant, based upon this ground, was overruled by the trial court, appellant preserving an exception to the court's ruling.

As above stated, respondent, at the close of appellant's case, moved for judgment of dismissal upon the ground that, from appellant's own testimony, it appeared that appellant had failed to prove her case upon the cause of action which she had alleged.

The rule is stated in 21 R. C. L. 566, § 123, as follows:

"The well established rule is that the general denial puts in issue every fact included within the allegations of the petition which the plaintiff is bound to prove in order to recover. And so, any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial. . . . Every defense, general or special, meritorious or technical, may be made under a general denial."

In *McNeff v. Capistran,* 120 Wash. 498, 208 Pac. 41, this court said:

"A general denial, under the code, is the equivalent of the general issue at comon law, and puts in issue not only the direct averments of the pleading, but those that are implied from such direct averments as well. *Peters v. McPherson,* 62 Wash. 496, 114 Pac. 188."

In the case of *Clark County Agricultural Credit Corp. of Washougal v. Hiim,* 177 Wash. 251, 31 P. (2d) 905, we said:

"A general denial, under the code, is the equivalent of the general issue at the common law. *McNeff v. Capistran,* 120 Wash. 498, 208 Pac. 41. The rule is well established that the general denial puts in issue every fact included within the allegations of the complaint which the plaintiff is bound to prove in order to recover. Any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial. 21 R.C.L., p. 566."

The authorities relied upon by appellant in this connection, to the effect that the defense of lack of consideration must be affirmatively pleaded, are not here in point, as the court properly held that, from appellant's own testimony, no cause of action upon the note in suit was shown. On cross-examination, respondent's counsel had the right to question appellant concerning the circumstances pursuant to which the note was signed.

■ Appellant also assigns error upon the refusal of the trial court to enter judgment against Walter Sinko on the note sued upon.

As above stated, a formal order of default was entered August 7, 1950, against Walter Sinko. It nowhere appears from the record before us that, after the close of the trial, appellant ever requested the trial court to enter any judgment in her favor against her brother.

Appellant also assigns error upon the refusal of the trial court to make and enter findings of fact, conclusions of law, and judgment as proposed by appellant, and upon the court's refusal to enter judgment against "the community of Walter Sinko and his wife Thora Sinko."

From the record before us, it appears that appellant was not entitled to judgment upon the note in suit against respondent Thora Sinko or against the community of Walter Sinko and Thora Sinko, and appellant's assignments of error are without merit.

The record is free from error, and the judgment appealed from is affirmed.

SCHWELLENBACH, C. J., HILL, DONWORTH, and FINLEY, JJ., concur.